THE STATE *v.* VAN BUSKIRK.

WITNESS.—*Testimony of Before Grand Jury.—Privileged Communication.— Prosecuting Attorney.*—The evidence of a witness before a grand jury,

The State *v.* Van Buskirk.

given in the hearing of the prosecuting attorney during the investigation of an alleged crime, is not a privileged communication to such attorney.

SAME.—*Impeaching Witness.*—Where such investigation results in an indictment, and, on the trial of such case, such witness gives evidence, on cross-examination by the defendant, as to his testimony in such cause before the grand jury, the prosecuting attorney may be compelled to testify as a witness, in relation to such testimony, for the purpose of impeaching such witness.

From the Allen Criminal Circuit Court.

*S. M. Hench,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for the State.

*J. Q. Stratton* and *J. F. Stratton,* for appellee.

HOWK, J.—This suit was commenced against the appellee and others, before a justice of the peace of Allen county, Indiana, upon the affidavit of one Hugh M. Diehl.

In this affidavit, it was charged, that the appellee and the others named did, on the 22d day of November, 1877, at said Allen county, unlawfully remove from interment in the Lindenwood cemetery, a public burying ground in said county, the dead body of Charles Wright, without the consent of said Charles Wright being had in his lifetime, and without the consent of the near relatives of said Charles Wright, deceased, and without any direction of the coroner of said county, to remove said dead body from interment, contrary to the form of the statute, etc.

This affidavit was filed with the justice on the 27th day of December, 1877; and the appellee having been arrested, a trial was had before the justice, which resulted in his finding the appellee guilty as charged in the affidavit, and the justice, " being satisfied that a fine of twenty-five dollars would be an inadequate punishment for said crime," recognized the appellee, in the sum of three hundred dollars, to appear before the court below, and certified and transmitted a transcript of the proceedings before him, with all the papers on file in said cause, to the clerk of said court.

At the January term, 1878, of the court below, the cause was tried by a jury, and a verdict was returned, finding the appellee not guilty; and judgment was rendered by the court for the appellee, on said verdict.

The appeal in this case, to this court, was taken by the State from questions of law reserved by the State, in the progress of the trial of the cause in the court below, for the decision of this court. We set out, in this opinion, so much of the bill of exceptions, in the record, as seems to us necessary to the proper and intelligible presentation of the questions reserved for our decision.

On the trial, one Charles Feltz was called as a witness by the State, and testified, in substance, on his direct examination by the State's attorney, that he knew the appellee, and saw him at the barn of Fletcher & Powers, on the evening of November 22d, 1877, at a little after 12 o'clock; that he drove a team out for the appellee that night, the black team, known as the hearse team, to a baggage wagon; that he drove to the south-west corner of Lindenwood cemetery, about one mile from Ft. Wayne; that he drove past the cemetery, next the canal out beyond the cemetery, when the appellee directed him to stop, and turn around, which he did; that the appellee whistled, and three men came out of the woods, one having a package on his head, and one a shovel; that appellee drew the package up nearly under the seat, the three men got into the wagon, and he was directed to drive to the medical college, where they all arrived a little after 1 o'clock, A. M., of November 23d, 1877, and that the appellee took the package out of the wagon and carried it; he saw him, as far as the entrance of the college.

On his cross-examination, this witness was asked this question: "Charles Feltz, did you not swear, before the grand jury of Allen county, Indiana, at its December session, 1877, in reference to this matter, that you had not been out at the Lindenwood cemetery with any doctors on the night of 22d November, 1877?"

The witness answered, "I did not."

After the State had rested its case, the appellee called, as a witness in his behalf, Samuel M. Hench, Esq., the prosecuting attorney of the court below, and asked him this question: "Mr. Hench, state to the court and jury what the fact is, as to whether or not Charles Feltz testified as follows, before the grand jury of Allen county, Indiana, at its December session, 1877: 'I was not out at the Lindenwood cemetery with any doctors on the night of the 22d of November, 1877.'" Which question was objected to by said prosecuting attorney, for the reason that he could not, under the law, be compelled to divulge what the witness, Feltz, testified to before said grand jury, as it was contrary to public policy, and for the further reason that said prosecuting attorney was the legal adviser of the State of Indiana, and could not be compelled to disclose any communication made to the grand jury, or made to the grand jury in his presence, while acting as the State's attorney before said jury, as such communications are privileged. Which objections were overruled by the court, to which ruling of the court the State, by its said prosecuting attorney, at the time excepted, and duly notified the court that he would reserve the questions of law arising upon said ruling of the court, for the opinion and decision of the Supreme Court.

He then answered, "Yes, he did so testify."

In this court, the appellant has assigned as error the following decision of the court below:

That the court erred in permitting the appellee to call Samuel M. Hench, Esq., the prosecuting attorney of the court below, over said attorney's objection, to testify as to what the said Charles Feltz, the witness, testified to before the grand jury of Allen county, Indiana, at its December session, 1877, and in compelling said prosecuting attorney to answer the question propounded to him by the appellee, as set forth in the record.

A single question is presented for our consideration and decision, by the record of this cause, and the error assigned thereon, and that question may be thus stated: Can it be correctly said, that the relationship of attorney and client exists, either in law or in fact, between a witness who may be required to testify before a grand jury, and the prosecuting attorney of the court, who may chance to be present, officially or otherwise, during the examination of such witness before such grand jury? If such relationship can be said to exist, of course the prosecuting attorney can not be compelled, and ought not to be permitted, to disclose any of the testimony of such witness before such grand jury. But if, on the other hand, such relationship does not exist, either in law or in fact, we know of no sufficient reason why the prosecuting attorney may not be compelled to disclose any of the testimony of such witness within the personal knowledge of such prosecuting attorney.

In section 771 of the practice act, it is made the duty of an attorney "to maintain inviolate the confidence, and at every peril to himself, to preserve the secrets of his client." 2 R. S. 1876, p. 304. In section 2 of "An act defining who shall be competent witnesses," etc., approved March 11th, 1867, it is provided and declared, *inter alia*, that "attorneys at law, as to confidential communications from a client, or advice given to such clients; * * * * shall not in any case be competent witnesses, unless with the consent of party making such confidential communication." 2 R. S. 1876, pp. 133 and 134.

But it seems very clear to us, that it can not be correctly said, as matter either of law or of fact, that a prosecuting attorney is, by virtue of his office, the attorney of any witness who may be examined by or before the grand jury, in the presence and hearing of such prosecuting attorney. Nor can it be correctly said, that the evidence of the witness before the grand jury is, in any

sense, a confidential communication to the prosecuting attorney, although it may have been given in his presence and hearing. A part of the oath of the grand jury, as prescribed by statute, is, that they " will not disclose any evidence given, or proceeding had before the grand jury." 2 R S. 1876, p. 368, form No. 56. The form of this oath was slightly changed, but not as to the part we have quoted, by the 2d section of an act entitled " An act to amend the fourteenth section of an act entitled," etc., " and to change the form of the oath of grand jurors," approved December 31st, 1865. 3 Ind. Stat., p. 279.

Notwithstanding this oath, it has been held by this court, and it may be regarded as settled, that this oath of secrecy " does not prevent the public or an individual from proving by one of the jurors in a court of justice, what passed before the grand jury." *Burnham* v. *Hatfield*, 5 Blackf 21. *Shattuck* v. *The State*, 11 Ind. 473, and *Burdick* v. *Hunt*, 43 Ind. 381.

In the case last cited, it was said of this oath, that thereby " the grand jurors are required to keep secret the evidence given and proceedings had before them, unless legally called upon in a court of justice to make disclosures."

The prosecuting attorney is not bound by any such oath of secrecy; and certainly we know of no sufficient reason why he may not be called upon, in a court of justice, to disclose any evidence given, or proceedings had, before the grand jury, of which he may have personal cognizance. It is said, that it is contrary to public policy to allow the defendant in a criminal case to call upon the prosecuting attorney, as a witness in a court of justice, to disclose any evidence given, or proceeding had, before the grand jury. We fail to see the matter in that light. In our opinion, public policy does not require that any citizen should be convicted of a public offence by means of doubtful evidence Where, as in this case, the principal witness for the State has made, as it was

claimed, statements under oath, before the grand jury, in regard to the transaction upon which the criminal charge is predicated, which statements can not be reconciled with the evidence of the witness on the trial, and this is personally known to the prosecuting attorney, it seems to us, that neither his official duty nor public policy would require that he should withhold his evidence of the fact, when called upon by the defendant to testify as to the fact, and seek a conviction of the defendant upon evidence, which, from the fact within his personal knowledge, he had reason to believe was at least doubtful.

In conclusion, we hold, that the court below did not err, in overruling the objections of the prosecuting attorney to the question propounded to him, as a witness, by the appellee.