## THE PEOPLE v. RILEY DAVIS.

*Adultery—Bill of particulars—Complainant—Privileged communications —Prosecuting attorney —Remote evidence—Affidavit for capias.*

1. The respondent in a prosecution for adultery is entitled to a specification of the times and places of the acts relied on for conviction in any case in which he might otherwise be misled in preparing for defense.

| 52 | 569 |
| 53 | 526 |
| 52 | 569 |
| 66 | 137 |
| 52 | 569 |
| 82 | 61 |
| 52 | 569 |
| 86 | 429 |
| 52 | 569 |
| 101 | 487 |
| 52 | 569 |
| 102 | 139 |
| 52 | 569 |
| 104 | 156 |
| 52 | 569 |
| 107 | 252 |
| 52 | 569 |
| f119 | 25 |

2. A prosecution for adultery may be instituted on complaint of the husband of the woman with whom it was committed. How. St. § 9279.

3. Communications made to a prosecuting attorney by the complaining witness in a criminal case are not privileged, so far as the witness is concerned, for he is not the prosecutor's client and cannot control the use of the communications, which are made for purposes of public justice. Whether the State cannot sometimes claim the privilege—Q.

4. The prosecuting attorney is a sworn minister of justice whose duty it is to see that the innocent are protected as well as that the guilty are brought to punishment.

5. The complaining witness in a prosecution for adultery testified that he caught the parties thereto in the act upon a certain date and at a particular place. *Held* that respondent was entitled to show, by the testimony of a former prosecuting attorney, that the complainant, in laying the case before him, had stated that at the place and date specified he saw nothing wrong between them.

6. A prosecution for adultery must be instituted within a year after the offence ; and evidence of acts which at most would raise only a suspicion of improper relations should not be admitted if they occurred more than a year before the commission of the alleged offence, unless they were shown to belong a continuous series of improprieties.

7. An affidavit for a capias in a civil action for criminal conversation ought to be admitted on a prosecution for adultery, based upon the same act, if the complaining witness took it out and it tends to contradict his testimony in the criminal case.

8. An information in a criminal case is presumed to have been framed with reference to the facts disclosed on the preliminary examination ; and the date of the offence as given therein is supposed to correspond fairly with the facts then stated.

Exceptions before judgment from Macomb. (Stevens, J.) January 30.—February 6.

Information for adultery. Conviction set aside.

Attorney General *Jacob J. Van Ryper* for the People. Prosecution for adultery may be begun on complaint of the husband or the wife of either of the guilty persons : How. St. § 9279 ; *Bayliss v. People* 46 Mich. 221 ; *Parsons v. People* 21 Mich. 509 ; *State v. Roth* 17 Ia. 336 ; a bill of particulars is properly refused in a prosecution for adultery

if no showing is made that it is necessary: *People v. Mc-Kinney* 10 Mich. 92; Tiff. Cr. Law 382; disclosures to a prosecuting attorney by complaining witness are privileged: 1 Whart. Cr. Law § 773; 1 Greenl. Ev. § 239; evidence of previous conduct of the parties showing intimate relations is admissible: *Com. v. Lahey* 14 Gray 91; *Com. v. Merriam* 14 Pick. 518; 2 Whart. Ev. § 34; *People v. Jenness* 5 Mich 305; *Com. v. Nichols* 114 Mass. 285.

*Weeks & Selfridge* for respondent. Prosecution for adultery can be begun on complaint only of the consort of the person to be prosecuted: *Lyon v. Waldo* 36 Mich. 345; *People v. Knapp* 42 Mich 269; *State v. Wilson* 22 Ia. 366; *State v. Roth* 17 Ia. 337; Bish. Stat. Crimes § 662.

COOLEY, C. J. The information in this case charges the respondent with having committed adultery with one Sarah M. O'Rourke, the wife of Thomas O'Rourke, at the township of Armada in Macomb county, on the first day of September, 1881. Before the case came on for trial the respondent moved the court that the prosecuting attorney be required to furnish to respondent's counsel a particular statement, specifying the times and places where the alleged acts of adultery upon which he expected to rely for a conviction were supposed to have been committed. The motion was denied.

The record does not show whether respondent had had any preliminary examination upon the charge; but if he had, it is to be presumed the information was framed with reference to the facts then disclosed, and that the evidence was directed to some transaction of or near the date mentioned in the information. But as the prosecution would not be restricted on the trial to the time mentioned in the information—*People v. Jenness* 5 Mich. 305—we think the particulars called for should have been required. The justice of such a requirement was made apparent by the very first step taken by the prosecution in the cause; for instead of attempting to prove an act of adultery occur-

ring on or near September 1, 1881, the complaining witness
swore to having caught the parties flagrante delicto on the
night of April 30, 1882; and it was upon this evidence
that a conviction was sought and obtained.  If the prose-
cution when the information was filed, intended to rely
upon proof of a transaction in April, the information—
which was verified by the oath of the prosecutor himself,
testifying as of his own knowledge,—should have given
that as the time of the alleged offense ; for the defendant
might otherwise be altogether misled in his preparation for
a defense.  And whenever it is possible that such a result
might follow, the court should guard the respondent
against it by requiring a statement of particulars, if the de-
fense calls for it.  This may perhaps be a matter of dis-
cretion in the court, but as the case must go back for a new
trial on other points, we think it proper to call attention
to it.

Thomas O'Rourke was the complainant in the case.  It
is objected that only the respondent's wife is authorized by
the statute.  How. St. § 9279.  But the contrary was held
in *Bayliss v. People* 46 Mich. 221, and we have seen no
reason for doubting the correctness of that decision.

The prosecutor gave his evidence in the case at length,
and when the defense entered upon their proofs Mr. Lowell,
who was prosecuting attorney of the county when the
prosecution was begun, was called to the stand and was
asked, with a view to impeaching the prosecutor, whether
in the statement O'Rourke made to him he did not say that
on the occasion when he saw his wife and respondent to-
gether on April 30, 1882, he saw nothing wrong between
them.  Objection was made to this question by both Mr.
Lowell and the present prosecuting attorney, on the ground
that communications made by the prosecutor to the prose-
cuting attorney were privileged ; and the court sustained the
objection.

It does not appear to have been claimed that Mr. O'Rourke
had any privilege in the case, nor could it be; for he was
not as to this prosecution the client of the prosecuting at-

torney, nor was that officer in any sense his counsel. He was on the other hand a sworn minister of justice, whose duty it was, while endeavoring to bring the guilty to punishment, to take care that the innocent should be protected. *Wellar v. People* 30 Mich. 17, 24; *Meister v. People* 31 Mich. 99. Communications made to him for the purpose of invoking official action are supposed to be made for the purposes of public justice, and the party making them can assume no control as to the use that shall be made of them subsequently.

If, then, there is any privilege in the case, it must be the privilege of the State in whose interest O'Rourke assumed to act when making his communication to the prosecuting officer. And we are not called upon in this case to consider whether there may not be cases in which the prosecuting attorney would be excused, in the interest of the State, from disclosing what had been told to him with a view to the commencement of criminal proceedings. There would be strong reasons in many cases why the counsel of the State should be inviolably kept; and nothing we shall say in this case will be intended to lay down a rule except for the very case at bar and others standing upon the same facts.

In this case the prosecutor testified that on a particular day and at a place specified he witnessed the commission of the crime charged. The defense then offered to show that in laying the case before the prosecuting officer the prosecutor stated that on the day and at the place specified he witnessed nothing wrong between the parties. If he did so state at that time, when he was laying before the public authorities the very case they were to prosecute, and if he now swears to a case altogether different, it may well be argued that he is unworthy of belief; and the State has no interest in interposing any obstacle to the disclosure of the facts, unless it is interested in convicting accused parties on the testimony of untrustworthy persons. But surely the State has no such interest; its interest is that accused parties shall be acquitted unless upon all the facts they are

seen to be guilty; and if there shall be in the possession of
any of its officers information that can legitimately tend to
overthrow the case made for the prosecution, or to show
that it is unworthy of credence, the defense should be given
the benefit of it. There was, therefore, no privilege to
preclude the giving of the testimony for which the defense
called.

To give color to the charge made against the respondent
and raise a presumption of its truth, the prosecution was
allowed to prove certain suspicious acts alleged to have oc-
curred in 1879, and which are said to show improper
familiarities at that time between the parties accused.
The acts proved were the going to the prosecutor's house
at unusual hours when he was known to be absent. This
might raise a suspicion of improper relations between the
respondent and the prosecutor's wife, but an inference of
such relations would not be a necessary one from the facts
proved. We doubt, therefore, if the evidence can be con-
sidered sanctioned by *People v. Jenness* 5 Mich. 305, under
which it was received. But we think there was a further
objection in the remoteness of the acts in point of time. A
prosecution for adultery is by statute limited to one year;
and to allow the guilt to be established by the aid of proof
of acts committed earlier, and which, if actual offenses,
would not now be punishable, it ought to be made to appear
that they were not isolated acts separated by a consider-
able interval of apparently proper conduct from the act
relied upon for conviction, as for aught that appears was
the case here. The difficulty in meeting such charges
when the respondent has had no notice in advance of the
intention to prove them, is so great that the liberty of
making proof of them ought commonly, we think, to be
restricted to the statutory period, unless a continuous
course of improprieties is relied upon, which was not the
case here.

A civil action, it appears, had been brought by the prose-
cutor against the respondent to recover damages for the
same criminal conduct; and the defense offered in evidence

the affidavit for the capias, for the purpose, as was stated, of contradicting the evidence given by the prosecutor on this trial. The court excluded it. The affidavit is not given in the record, and we cannot therefore know whether its tendency would have been as claimed, but if it would, it should have been received.

The circuit court is advised that the exceptions are well taken, and that the verdict should be set aside and a new trial granted.

The other Justices concurred.