BYRON A. COLE v. WALTER D. ANDREWS.[1]

November 24, 1897.

Nos. 10,887—(118).

Malicious Prosecution — Probable Cause — Evidence — Advice of County Attorney—Question for Jury.

In an action for malicious prosecution, held: (1) There was sufficient evidence of want of probable cause. (2) There was sufficient evidence that defendant instigated the commencement of the prosecution for the particular crime for which plaintiff was indicted. (3) Whether or not defendant in good faith relied on the advice of the county attorney is a question for the jury, and it was error to dismiss the action at the close of the evidence introduced by plaintiff.

Action in the district court for Kandiyohi county to recover $3,500 for malicious prosecution. From an order, Powers, J., denying a motion for a new trial plaintiff appealed. Reversed.

*Samuel Porter*, for appellant.

*Geo. W. Stewart* and *D. T. Calhoun*, for respondent.

CANTY, J.[2]

This is an action for malicious prosecution. At the close of the evidence introduced by the plaintiff on the trial the court, on defendant's motion, dismissed the action on the ground that plaintiff failed to make a case for the jury. From an order denying a new trial, plaintiff appealed.

One Samuel Nordtstedt was negotiating to trade a cow and a mare to defendant for a pair of ponies owned by the latter. The two parties met at defendant's house. Samuel testified in this case that the mare and cow were the property of his father, and that he so informed defendant and proposed to trade only on condition that his father consented. Defendant was called by plaintiff for

---

[1] Reported in 73 N. W. 3.          [2] BUCK, J., absent.

cross-examination under the statute, and testified that Samuel represented that the mare and cow were his own and agreed absolutely to trade them for the ponies and to give two dollars additional, which sum Samuel then paid him. Samuel admits that he then paid the two dollars, but testified that defendant agreed to pay it back if the father did not consent to the trade. Samuel took the ponies to his father's house, about five miles distant, but his father refused to consent to or sanction the trade. On the next day Samuel returned and notified defendant that the father would not consent, and on the next day returned the ponies to defendant.

Immediately afterwards the defendant brought an action of replevin in justice court against Samuel alone for the cow and the mare. Under the writ issued in that action the constable took the cow and mare from the farm occupied by the father (where Samuel also resided) and delivered them to this defendant. Thereupon the father and Samuel sought the advice of two justices of the peace, and these four with plaintiff, a town constable, went to the farm of this defendant. There in his presence openly in the daytime Samuel, his father and the two justices took the mare and the cow out of defendant's stable, without his consent and without the aid of any writ or legal process. This defendant then complained of the matter to the county attorney, and Samuel, his father, the two justices and the plaintiff were jointly indicted for grand larceny in the second degree for taking the mare and the cow from this defendant, and on a trial before a jury were all found not guilty. Thereupon plaintiff brought this action.

1. Respondent contends that the evidence does not show want of probable cause for the prosecution of this plaintiff.

Plaintiff testified that he took no part in the taking of property from this defendant; that he went with the party to defendant's place "as an official, expecting to take the property if he did not give it up." Defendant, when called as aforesaid, testified that, when the party came to his place and the others proceeded to take away the mare and cow, he was told by plaintiff that he (plaintiff) "was very much surprised, that papers were already taken out, and that he came there expecting he would be called upon to serve these papers, but they hadn't been given to him."

Defendant further testified that plaintiff took no part in "the affair," but that "he was there in the mob, and went away with them."

Defendant had known all of the five members of the party for many years; knew that they resided but a few miles from his place, and were all permanent residents. Plaintiff is a married man, 54 years old, and had for years been engaged in the draying business in the near-by town in which defendant did his trading. Defendant also knew that the mare and cow were taken from him under the claim that they were the property of the father, not of Samuel.

We are of the opinion that there was sufficient evidence of want of probable cause. It follows for the same reason that there was sufficient evidence of malice, as malice may be presumed from the want of probable cause.

2. We are also of the opinion that there was sufficient evidence that the prosecution of plaintiff for the particular crime for which he was indicted was commenced at the instigation of defendant. The county attorney testified that defendant came to him and stated the facts and said that he wanted proceedings commenced against plaintiff and the other four who came with him to defendant's house. The witness further testified:

"I decided, from the facts stated to me, that it was grand larceny in the second degree; so I told him—advised him—to wait until the grand jury was in session. * * * Q. You never made a request of Mr. Andrews to appear before the grand jury until he made a complaint to you against these parties? A. No, sir. * * * Q. What did he want to do when he first came to you? A. To start criminal proceedings against them. Q. Against these five parties? A. Yes, sir. Q. For what? A. For whatever I determined from his statement would be the crime or offense. Q. Was it in relation to the theft of the horse and cow? A. It was the coming to his place, and taking from his possession the horse and cow, I think. * * * He said he thought those parties ought to be arrested. He didn't say what for. * * * Q. When you got through you advised him as you have stated? A. Yes, sir. Q. Then requested him to come before the grand jury, and present it there? A. I did; yes, sir."

In pursuance of this request defendant appeared before the grand jury without being subpœnaed and gave testimony on which the indictment was found.

3. Whether defendant in good faith relied on the advice given him by the county attorney is a question for the jury. Cole v. Curtis, 16 Minn. 161 (182). We are of the opinion that the evidence made a case for the jury, and the order denying a new trial should be reversed. So ordered.