BYRON A. COLE v. WALTER D. ANDREWS.

October 31, 1898.

Nos. 11,305—(95).

**Malicious Prosecution—Question for Jury—Error in Charge.**

In an action for malicious prosecution, *held*, that upon the evidence the question whether the prosecution was instituted or instigated by the defendant was for the jury, and that the court erred in instructing them, as a matter of law, that he did institute or instigate it.

**Same—Information Given to County Attorney Is not Privileged.**

The defendant communicated certain facts to the county attorney in his official capacity, for the purpose of having a prosecution for a public offense instituted, or ascertaining whether the facts constituted a proper case for such prosecution. These communications were not made in confidence or under any injunction of secrecy. At the request of the county attorney, defendant subsequently appeared as a witness, and testified to the same facts before the grand jury, who found an indictment, upon the trial of which the accused was acquitted. When sued for malicious prosecution, the defendant set up as a defense that he had fully and fairly communicated all the facts to the county attorney, and acted in good faith upon his advice. *Held*, that the confidential relation of attorney and client did not exist between the county attorney and the

defendant, and that the communications by the latter to the former were not privileged, as being made by a client to his attorney.

**Same—G. S. 1894, § 5662, subd. 5.**
   Neither were they privileged under the provision of G. S. 1894, § 5662, that "a public officer cannot be examined as to communications made to him in official confidence, when the public interest would suffer by the disclosure.

Action in the district court for Kandiyohi county to recover $3,500 for an alleged malicious prosecution. The cause was tried before Powers, J., and a jury, which returned a verdict of $150 in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Reversed.

*G. W. Stewart* and *D. T. Calhoun*, for appellant.

One who merely states the facts to the prosecuting attorney, who procures the finding of an indictment by the grand·jury, is not liable as for a malicious prosecution. Sebastian v. Cheney, 86 Tex. 497; Smith v. Austin, 49 Mich. 286; Huntington v. Gault, 81 Mich. 144; Anderson v. Friend, 71 Ill. 475; Johnson v. Miller, 69 Iowa, 562; Dennis v. Ryan, 65 N. Y. 385; Schippel v. Norton, 38 Kan. 567; Laughlin v. Clawson, 27 Pa. St. 328; Wheeler v. Nesbitt, 24 How. 544; Lark v. Bande, 4 Mo. App. 186; Hahn v. Schmidt, 64 Cal. 284; Newman v. Davis, 58 Iowa, 447; Dunlap v. New Zealand, 109 Cal. 365; Burgess v. Singer (Tex. Civ. App.) 30 S. W. 1110. The rule that statements by a client to his attorney are privileged applies equally to prosecuting attorneys in reference to criminal matters and to general practitioners in reference to civil matters. Weeks, Attorneys, § 293; Oliver v. Pate, 43 Ind. 132.

*Samuel Porter*, for respondent.

All questions in this case have been settled by this court in Cole v. Andrews, 70 Minn. 230, in favor of respondent. Defendant's testimony in chief is absolutely conclusive on the point that he instigated the criminal prosecution. There is absolutely no testimony in the case to the contrary, not a syllable or suggestion in the whole record that he is not the man who set in motion the criminal machinery of the state against plaintiff. As bearing on this question, see Chapman v. Dodd, 10 Minn. 277 (350); Cole v. Curtis, 16

Minn. 161 (182); Judson v. Reardon, 16 Minn. 387 (431); Burton v. St. Paul, M. & M. Ry. Co., 33 Minn. 189; Bartlett v. Hawley, 38 Minn. 308; Smith v. Maben, 42 Minn. 516; Olson v. Tvete, 46 Minn. 225; .Tabert v. Cooley, 46 Minn. 366; Jackson v. Bell, 5 S. D. 257; Dennis v. Ryan, 65 N. Y. 385. Statements made by defendant to the county attorney during the course of these criminal proceedings are not privileged, as a communication of a client to his attorney. Such statements fall within G. S. 1894, § 5662, subd. 5, which provides that a public officer cannot be examined as to communications made to him in official confidence, when the public interest would suffer by the disclosure.

MITCHELL, J.

The facts in this case will sufficiently appear from the opinion on the former appeal. 70 Minn. 230, 73 N. W. 3.

On the second trial the court instructed the jury that the prosecution of plaintiff for larceny "was instituted, commenced or begun by the defendant"; thus taking that question from the jury, and submitting to them only the questions of malice and probable cause. In this we think the learned trial judge erred, and that he ought to have also.left to the jury the question whether the prosecution was instituted at the instigation of the defendant. On the first trial the court dismissed the action when the plaintiff rested, and what we held on the former appeal was that there was evidence to go to the jury on all the issues in the case, including the one as to whether the prosecution was commenced at the instigation of the defendant. On the second trial the court seems to have erred on the opposite extreme, in holding that the evidence on that question was conclusive against the defendant. .

The fact that he communicated the facts to the county attorney, and consulted him as to whether the acts of the plaintiff and those whom he accompanied to defendant's farm did not subject them to criminal prosecution of some kind, and that he subsequently, at the request of the county attorney, appeared as a witness before the grand jury, and that the grand jury found an indictment for larceny against the plaintiff in whole or in part upon his testimony, do not necessarily or conclusively establish the fact that the prose-

cution of the plaintiff for the crime for which he was indicted was instituted by, or at the instigation of, the defendant. The defendant never made any complaint charging the plaintiff with the crime of larceny. There is evidence tending to prove that he never claimed to the county attorney that the plaintiff was guilty of larceny, or requested him to institute a prosecution against him for any such crime; that he merely stated to him the facts as they existed, for the purpose of being advised in the premises as to whether some action could not be brought in justice court. There is also evidence tending to prove that when before the grand jury the defendant never charged the plaintiff with the crime of larceny, or urged that he should be indicted for that crime, but merely fully and fairly stated the facts as they existed.

It is always a good defense to an action of malicious prosecution to show that the defendant neither prosecuted nor instituted the prosecution. Where one in good faith merely makes to a committing magistrate, or to a grand jury, a full and truthful statement of the facts as they actually existed, and the magistrate or grand jury erroneously believes the facts constitute a crime, and issues a warrant of arrest or finds an indictment accordingly, he is not liable in damages to a party arrested or indicted; because, in such case, he cannot be said to have instituted or instigated the prosecution, for the oppression of the plaintiff would be attributable alone to the erroneous legal conclusions of the county attorney or grand jury. Leigh v. Webb, 3 Esp. 165; McNeely v. Driskill, 2 Blackf. 259; Bennett v. Black, 1 Stew. (Ala.) 494; Dennis v. Ryan, 65 N. Y. 385; Thaule v. Krekeler, 81 N. Y. 428; Hahn v. Schmidt, 64 Cal. 284, 30 Pac. 818; Newman v. Davis, 58 Iowa, 447, 10 N. W. 852.

Upon the entire evidence, which it is neither practicable nor expedient to discuss at this time, we think it was a question for the jury whether the prosecution of the plaintiff was instituted at the instigation of the defendant; but, the evidence not being conclusive, the court erred in holding, as a matter of law, that the defendant prosecuted or instigated the prosecution. For this error there must be a new trial. With a view to such trial, another point made by defendant's counsel should be noticed.

One of the defenses set up in the answer was that whatever

defendant did in the matter was done after having made a full presentation of all the facts to the county attorney, and in reliance and in good faith upon the advice given him by such attorney. Apparently, in anticipation of this defense, the plaintiff in his case in chief was permitted, under defendant's objection and exception, to examine the county attorney as to what statements the defendant made to him. This is claimed to have been error, for the reason that such communications are privileged, being made by a client to his attorney. G. S. 1894, § 5662.

After plaintiff rested, the defendant introduced evidence to maintain the defense referred to. If otherwise there would have been anything in the point that defendant's statements to the county attorney were privileged, it was certainly waived by his setting up this defense, and introducing evidence to maintain it; for it cannot be that the defendant could give his version of what he told the county attorney, and yet prevent the plaintiff from rebutting him. The order in which the evidence was introduced is not material.

But we are of opinion that the ruling of the court was correct on broader grounds. The confidential relation of attorney and client did not exist between the defendant and the county attorney. The former consulted the latter in his official capacity as public prosecutor, for the purpose of having instituted a prosecution for a public offense, or to ascertain whether the facts made a case for such a prosecution. The defendant, in making these communications, was acting merely as a citizen, in theory at least, in the interests of public justice, and in receiving these communications, and giving advice upon them, the county attorney must be deemed to have been acting solely in his official capacity. This did not constitute the relation of attorney and client, within the meaning of the statute. Counsel cites one case (Oliver v. Pate, 43 Ind. 132) to the contrary, but we are unable to agree with the reasoning of the court in that case.

Nor does the case fall within the fifth subdivision of the section cited, which provides that "a public officer cannot be examined as to communications made to him in official confidence, when the public interest would suffer by the disclosure." There are no doubt cases where communications made in confidence to a public prose-

74 M.—7

cutor, in relation to the commission of a crime, would fall within this provision. But this is not such a case. In the first place, the communications to the county attorney were not made in confidence. Further, the defendant testified fully as to all the facts, first before the grand jury, and next on the trial of the indictment, and the prosecution has terminated. And, lastly, the defendant has voluntarily disclosed in his answer in this case that he did communicate the facts to the county attorney, and he set up that fact as a defense. How the public interest would now suffer, or how it would be any breach of confidence towards the defendant to permit the county attorney to disclose what those communications were, is not apparent to us.

Order reversed, and a new trial granted.