PEOPLE *v.* HILLIARD.

1. APPEAL—RULINGS NOT EXCEPTED TO.
    Error assigned upon the exclusion of evidence cannot be considered when no exception was taken to the ruling excluding it.

2. TRIAL—EVIDENCE—HARMLESS ERROR.
    Where, on a prosecution under the local option law, a detective employed by county officials to search out violators of the law had stated the substance of the arrangement between him and the officers, and that he was unable to recall what the sheriff had said to him, the exclusion of further questioning as to what the sheriff had said, upon the ground that the communication was privileged, was harmless.

3. INTOXICATING LIQUORS—LOCAL OPTION LAW—VIOLATIONS—INSTRUCTIONS.
    On a prosecution of a druggist's clerk, under the local option law, for selling beer to be used as a beverage, a statement in the charge that the law prohibits the sale of liquor by druggists to be used as a beverage or to be drank on the premises is not erroneous as authorizing a conviction for the separate offense of selling liquor to be drank on the premises, where the statement simply related to some of the provisions of the law, and the jury were otherwise clearly told what offense was charged and what must be proved to justify a conviction.

4. TRIAL—REQUESTS TO CHARGE.
    Respondent cannot complain of a failure to give requested instructions, where all that was essential in them was incorporated in the general charge.

Exceptions before judgment from Van Buren; Buck, J. Submitted November 18, 1898.   Decided December 13, 1898.

Harvey Hilliard was convicted of violating the local option law.   Conviction affirmed.

*T. J. Cavanaugh*, for appellant.

*James E. Chandler*, Prosecuting Attorney, for the people.

MOORE, J.   The respondent, who was a clerk for a druggist at Hartford, was convicted of having sold to one Benham two bottles of beer to be used as a beverage. From that conviction he has appealed to this court.

·   Hartford is in Van Buren county, where the local option law is in force.   Nearly all of the testimony on the part of the people was furnished by two detectives who were employed by the officers of the county to look up violators of the law.   A good many of the assignments of error relate to the admission of testimony.   The detectives testified to the purchase of the beer at Hartford between 4 and 5 o'clock in the afternoon.   They were subjected to a long cross-examination.   Among other questions, they were asked if they had beer at Lawrence about noon, while they were on their way to Hartford.   This was objected to, and the objection sustained.   This is said to be error. No exception was taken to the ruling, and we do not deem it necessary to discuss the question.

These men testified they were to receive five dollars a day for their work, and that the arrangement was made with the officers of the county, including the sheriff.   The witness was asked what the sheriff had to say to him. Objection was made upon the ground that it was immaterial and incompetent.   The court sustained the objection, saying it might be immaterial if it was not privileged, and that it came under the head of privileged communications.   The people now say what occurred between the witness and the sheriff was privileged upon the ground of public policy; citing *People* v. *Davis*, 52 Mich. 573; 1 Greenl. Ev. § 250; Whart. Cr. Ev. § 513.   Because of what is disclosed by the record, we do not deem it necessary to say whether the conversation was privileged or not.   The witness had already stated the substance of the arrangement between him and the officers.   He also said he could not recollect what the sheriff said to him.   A good deal of latitude had been allowed in the cross-examination, and it is very evident from the answer of the witness that he had already answered the question put to

him as fully as he could. The ruling, therefore, was without harm.

Other errors are assigned in relation to the admission of testimony and to remarks made by the prosecuting attorney in the nature of badinage. We do not think either of them is well taken.

In the course of his charge the trial judge used this language:

"The law allows druggists to sell liquor, as you have already been instructed, for medicinal, mechanical, scientific, and sacramental purposes, and for that alone. The law absolutely prohibits the sale of liquor by druggists to be used as a beverage or to be drank on the premises. There are other restrictions and prohibitions which it is not necessary to name, as they are not involved in this case. So long as a druggist complies with the law in these regards, he is justified in making sales."

It is now said, as the respondent was charged with selling beer to be used as a beverage, that the jury were given to understand by this charge they might convict for the sale of beer to be drank on the premises; and that as the sale of liquor to be drank on the premises is one offense, and the sale of liquor to be used as a beverage is another, the court committed error. This contention is not sustained by the charge. The court was stating to the jury some of the provisions of the law in relation to sales made by pharmacists. He was careful to state what the charge against the respondent was, and told the jury repeatedly that "the vital question is whether the respondent sold a quantity of beer at the time and place named in the information to Charles T. Benham, to be used as a beverage." The jury were given to understand very clearly with what offense respondent was charged and what must be proven to justify a conviction.

Complaint is made because some of the respondent's requests were not given. Some of these requests contained propositions not warranted by the record, and for that reason were properly refused. The court gave some of

respondent's requests, and also gave a long general charge, which did not omit any essential thing in favor of respondent. Where this is done, it is not error to refuse to give the requests prepared by counsel. *People* v. *Weaver*, 108 Mich. 649.

The other assignments of error have had attention, but will not be discussed.

The conviction is affirmed.

The other Justices concurred.