THE STATE OF KANSAS v. ELISHA TABOR.

No. 12,603.    (66 Pac. 237.)

SYLLABUS BY THE COURT.

EVIDENCE— *County Attorney as Witness.* A county attorney trying a criminal case is not incompetent by statute, or legal policy, to testify in behalf of the defendant as to contradictory statements made by one of the state's witnesses on a former trial of the case.

Appeal from Franklin district court; SAMUEL A. RIGGS, judge. Opinion filed October 5, 1901. Division two. Reversed.

*E. L. Branson*, county attorney, for The State.
*Deford & Deford*, for appellant.

The opinion of the court was delivered by

DOSTER, C. J.: This is an appeal from a judgment of conviction of arson. On the trial, one Reynolds, a witness for the state, testified to a material matter substantially different, so the defendant claimed, from his testimony relating to the same matter given on the preliminary examination. The defendant called the county attorney as a witness to impeach the testimony of Reynolds, by proving contrary state-

ments made by him on the former trial.  The state objected, for the reason that the county attorney "should not be required to make any statement as to what occurred in the performance of his duty."  The court sustained the objection, remarking: "I think it would be an exceedingly improper thing to require the county attorney to testify as to what occurred there.  I shall protect a public officer in the discharge of his duty."  The defendant's counsel then made formal offer to prove by the county attorney the matter in impeachment of the witness Reynolds, to which the same objection above stated was made.  The objection was sustained, the court saying:

"I shall sustain the objection because it is open to the defense to prove the same facts by other witnesses, without taking the county attorney out of his chair as prosecutor to make him a witness for the defense upon matters which came to him in the course of his duty as a public officer."

Neither of the reasons given by the court is sound.  There is not, of course, any statutory prohibition of the right to call the county attorney as a witness in such a case, nor is there any rule of public policy which forbids calling him to testify to the incidents of a public trial conducted by him as a public prosecutor.  The testimony given on such trials by witnesses whom the county attorney calls on behalf of the state are not in the nature of privileged communications to him.  They are made to the court and in the face of the public.  Should it, thereafter, become material to know what they were, any one who heard them may be required to state his remembrance.  The question has been pointedly decided in Indiana.  The supreme court of that state said:

"The evidence of a witness before a grand jury, given in the hearing of the prosecuting attorney dur-

ing the investigation of an alleged crime, is not a privileged communication to such attorney.

"Where such investigation results in an indictment, and, on the trial of such case, such witness gives evidence, on cross-examination by the defendant, as to his testimony in such case before the grand jury, the prosecuting attorney may be compelled to testify as a witness, in relation to such testimony, for the purpose of impeaching such witness." (*The State v. Van Buskirk*, 59 Ind. 384.)

The county attorney being a competent witness, it was not in the power of the court to refuse to hear his testimony because the facts could be obtained from other witnesses. Admitting such to be the case, it is sufficient to say that litigants, and especially defendants in criminal cases, are not to be hampered thus in their choice of those by whom they seek to prove their cases. The intelligence of some witnesses, their remembrance of facts, the calmness, dignity and appearance of candor they manifest when on the stand, is ofttimes more convincing than that which others equally credible can show. It is inconceivable, therefore, as a proposition in the administration of justice, that the court should be invested with power to determine the witnesses by whom a suitor may prove his case, or, what is the same thing, with the power to determine by whom he shall not prove it.

The record before us is very meager—so meager that the counsel for the state argues, and with some appearance of reason, that it fails to show what Reynolds's testimony was, or that a foundation for his impeachment was laid, or indeed that he testified at all on the trial. It is to be observed that no objection was made in the court below on the score now urged. The objection there made was to the competency of the witness only, and that presupposes the occurrence

on the trial of a state of facts to which his testimony could be rightly directed.   From this and from other portions of the record, together with some necessary implications derivable therefrom, we think it is shown that the witness Reynolds did testify, and what his testimony was, and that a foundation for his impeachment was laid.

Some other claims of error were made, but we have not thought it necessary to examine into them.   The judgment of the court below is reversed and a new trial ordered.

CUNNINGHAM, POLLOCK, JJ., concurring.