## FITE v. BENNETT.

LUMPKIN, J. 1. Fite sued Bennett for having sold him worthless bank stock by means of fraudulent representations. The defendant introduced in evidence an indictment which had been obtained against one Whitaker for having sold to the present plaintiff the same amount of stock in the same bank by means of fraudulent representations. The present plaintiff appeared as the sole witness endorsed on this indictment; and it further appeared that upon the trial, after hearing evidence and upon the statement of the solicitor-general, an order of nolle prosequi was entered. In connection with this indictment evidence was offered to show that the present plaintiff procured the indictment against Whitaker, and that it was drawn in accordance with his statement to certain attorneys who were aiding the solicitor-general; and it was conceded that the stock mentioned in the indictment was the same as that involved in the present action. *Held*, that the indictment was properly admitted to rebut the testimony of the plaintiff that he bought the stock from the defendant Bennett upon the fraudulent representations of the latter, and not from Whitaker.

2. One Garner testified, that at the time the indictment was found he was connected with the office of the solicitor-general, and assisted him in the county of Cobb, where the proceeding was had; that the present plaintiff gave information to the witness and another person who was assisting the solicitor-general, detailing the transaction substantially as set out in the indictment; that this was done for the purpose of preparing and obtaining the indictment; and that the plaintiff was the only witness who appeared before the grand jury. The witness was not a sworn official, but assisted the solicitor-general. Objection was made to the competency of the witness, on the ground that it was against public policy to allow him to give such testimony and to disclose State secrets which could not have been obtained except by reason of such confidential relations. *Held*, that, if the witness should be treated as an official, there was no relation of attorney and client between him and the plaintiff in the present case, who was then seeking to have an indictment returned against Whitaker; and therefore he was not incompetent on the ground of the existence of such confidential relation. People v. Davis, 52 Mich. 569 (18 N. W. 362); Cole v. Andrews, 74 Minn. 93 (76 N. W. 962); Meysenberg v. Engelke, 18 Mo. App. 346; Cobb v. Simon, 119 Wis. 597 (97 N. W. 276, 100 Am. St. R. 909); State v. Van Buskirk, 59 Ind. 384.

(a) It may be that a case might arise where it would be improper to allow a species of "raid" upon the office of the solicitor-general in connection with his preparation of a pending case. Civil Code (1910), §§ 4544, 5877. But the present case is not of that character.

3. Grand jurors shall disclose everything which occurs in their service, whenever it becomes necessary in any court of record in this State. Civil Code (1910), § 5787. Whether or not a grand juror may violate his duty by divulging testimony given in the grand-jury room before he is called on to do so in a court of record, this would not render him incompetent as a witness when duly called.

4. There was no merit in any of the other grounds of the motion for a new trial. In some instances the presiding judge appended notes to them.

In regard to one ground where complaint was made that certain evidence was rejected, an examination of the brief of evidence showed that the witness testified substantially as it was contended that he should have been allowed to do. The judgment is supported by the evidence.

*Judgment affirmed.  All the Justices concur, except Fish, C. J., absent.*

NOVEMBER 13, 1914.

Action for damages. Before Judge Patterson. Cobb superior court. September 2, 1913.

*Mozley & Moss* and *Clay & Morris,* for plaintiff.

*J. Z. Foster* and *D. W. Blair,* for defendant.

*Judgment affirmed.  All the Justices concur, except Fish, C. J., absent.*