EGENES, Plaintiff, v. MORSE DRY DOCK AND REPAIR COMPANY, Defendant.*

Supreme Court, Kings County, March 11, 1925.

Discovery — subpœna duces tecum — statements made to district attorney in course of investigation to determine whether crime committed — plaintiff in action for negligence arising out of same transaction entitled to subpœna requiring district attorney to produce said statements.

The plaintiff is entitled to a *subpœna duces tecum* to compel the district attorney to produce certain statements made during the course of an investigation by him for the purpose of determining whether the transaction forming the basis of the present action for negligence presented facts justifying a criminal prosecution. No prosecution resulted or is contemplated and the relation of the district attorney to those examined was not that of attorney.

* See, also, 222 App. Div. 204.

APPLICATION by plaintiff for issuance of a subpœna, directed to the district attorney and others, requiring them to produce on the trial certain statements made in the course of an official investigation.

————————— for the plaintiff.

————————— for the defendant.

CALLAGHAN, J.   This application is for the issuance of a subpœna, directed to the district attorney, the chief of the fire department, and the fire marshal, requiring them to produce on the trial of this action certain statements made to the officials in the course of an official investigation.   The district attorney alone opposes this application.   An explosion occurred on the steamship *Egremont Castle* on June 24, 1924, while undergoing repairs at the defendant's shipyard.   As a result of that explosion a number of men were killed.   Plaintiff's intestate has brought this action to recover damages because of the defendant's alleged negligence.   The basis of the opposition by the district attorney is, *first*, that to grant such an application would be against public policy; and, *second*, that the communications made by these witnesses to the district attorney were and are privileged.

There has been no indictment, and it does not appear that the district attorney intends to present any evidence to the grand jury for the purpose of procuring an indictment.   There was no relation existing between these witnesses and the district attorney.   They were called to his office and examined, in an effort to determine whether or not any one was criminally negligent in causing the explosion.   The witnesses did not voluntarily go to the district attorney's office for the purpose of aiding in determining whether a crime had been committed.   The relation of attorney and client did not exist between them and the district attorney.   The communications were not, therefore, privileged, and the production of the statements in court for the purpose of arriving at the facts and aiding in the proper disposition of this action could in no sense be against public policy.

In *Worthington* v. *Scribner* (109 Mass. 487) a communication there made to the prosecuting official was held privileged.   The facts, however, were different from those presented here.   It was held in *People* v. *Davis* (52 Mich. 569) that such communication was not privileged, and in *Meysenberg* v. *Engelke* (18 Mo. App. 346) the same ruling was made.   And in this State it has been held that there was no privilege between an attorney employed by a county in the prosecution of a criminal case and a deputy sheriff, who had gathered evidence against a defendant.   (*People*

v. *Roach*, 215 N. Y. 592.) I can see no reason why the subpœna should not be issued, but this ruling should not be taken as a precedent. Each case depends upon the facts presented.

The application is granted.