23973. VERNON *v.* THE STATE.

DECIDED MAY 18, 1934.

*W. L. Denlon, George D. Anderson,* for plaintiff in error.
*S. W. Ragsdale, solicitor-general,* contra.

GUERRY, J. Ernest Vernon was tried at the superior court of Paulding county, during the regular November term, 1933, of said court, under an indictment charging him with the sale of intoxicating liquors. Evidence was submitted by both the State and the defendant, and the jury rendered a verdict of guilty. The defendant's motion for a new trial was overruled, and to this ruling he excepts.

It appears from the evidence that the main point at issue between the State and the defendant was whether the alleged crime occurred in Paulding county, in which the defendant was indicted and tried, or in Cobb county. As to the commission of the crime the State produced only one witness, Mr. Kemp. It appears that counsel for the defendant was, during the year 1932, solicitor-general of the Blue Ridge circuit, and was employed by and represented the defendant in 1933 in Paulding county, after his term of office expired. Upon cross-examination, counsel for the defendant propounded the following question to Mr. Kemp: "When you came to Marietta to see me sometime in January, 1932, about getting the whisky in question from Ernest Vernon, didn't you tell me that

you purchased and obtained the whisky from Vernon in Cobb county, and not in Paulding county?" Counsel for the State objected to this question and the answer sought to be elicited, on the ground that any conversation which might have occurred between Mr. Anderson and Mr. Kemp in regard to this transaction and to any statement made by Mr. Kemp to Mr. Anderson was a confidential communication, for the reason that at the time the statement was made Mr. Anderson was solicitor-general of the Blue Ridge circuit and such communication could not legally be given in evidence. The court sustained the objection and held the testimony inadmissible. This action of the trial court is made the subject of the first ground of the amendment to the motion for new trial. Section 5860 of the Civil Code reads as follows: "No attorney shall be competent or compellable to testify in any court in this State, for or against his client, to any matter or thing, knowledge of which he may have acquired from his client, by virtue of his relations as attorney or by reason of the anticipated employment of him as attorney, but shall be both competent and compellable to testify, for or against his client, as to any matter or thing, knowledge of which he may have acquired in any other manner." It is to be observed that this section relates to the testimony of an attorney with reference to knowledge derived by reason of the relation of attorney and client, and prohibits the giving of such testimony for or against his client. Section 5785 is as follows: "There are certain admissions and communications excluded from public policy. Among these are: (2) Between attorney or counsel and client. (4) Secrets of State." Can it be said that in the case sub judice the relation of attorney and client existed between the prosecuting witness and the State's attorney, and that such communications made to the solicitor-general in the preparation of a case against another person should from public policy be excluded, especially where such communications to the solicitor-general were contrary to what the witness testified against the defendant at the trial? We can see no valid reason why such communication should be excluded, but are of the opinion that the defendant has been deprived of substantial justice in its exclusion. In *Fite* v. *Bennett,* 142 *Ga.* 660 (83 S. E. 515), the second paragraph of the decision by Lumpkin, J., is as follows: "One Garner testified, that at the time the indictment was found he was connected with the

office of the solicitor-general; and assisted him in the county of Cobb, where the proceeding was had; that the present plaintiff gave information to the witness and another person who was assisting the solicitor-general, detailing the transaction substantially as set out in the indictment; that this was done for the purpose of preparing and obtaining the indictment; and that the plaintiff was the only witness who appeared before the grand jury. The witness was not a sworn official, but assisted the solicitor-general. Objection was made to the competency of the witness, on the ground that it was against public policy to allow him to give such testimony and to disclose State secrets which could not have been obtained except by reason of such confidential relations. *Held*, that, if the witness should be treated as an official, there was no relation of attorney and client between him and the plaintiff in the present case, who was then seeking to have an indictment returned against Whitaker; and therefore he was not incompetent on the ground of the existence of such confidential relation. People *v*. Davis, 52 Mich. 569 (18 N. W. 362); Cole *v*. Andrews, 74 Minn. 93 (76 N. W. 962); Meysenberg *v*. Engelke, 18 Mo. App. 346; Cobb *v*. Simon, 119 Wis. 597 (97 N. W. 276, 100 Am. St. R. 909); State *v*. Van Buskirk, 59 Ind. 384." There, in a civil case, it was held that conceding ex gratia that the witness was an official in preparing indictments for the solicitor-general, no relation of attorney and client existed between him and the prosecuting witness, and he could therefore testify as to communications made to him by such witness, who was plaintiff in the case being tried. We therefore see no reason why the defendant's counsel, who was formerly solicitor-general, could not ask the witness if he did not state to him at that time certain facts which were contrary to what he was testifying to in this case. The object of the inquiry was apparently for the purpose of impeaching the only material witness for the State and thereby greatly weakening its case.

In State *v*. Van Buskirk, supra, it was held that the relation of attorney and client did not exist between a witness before the grand jury and the prosecuting officer, and therefore the prosecuting attorney is not precluded from testifying to statements made by a witness before the grand jury in the presence of the prosecuting attorney. In Riggins *v*. State, 125 Md. 165 (93 Atl. 437, Ann. Cas. 1916E, 1117), cited in 9 A. L. R. 1111, it was held that where, in

the trial of a criminal case, the prosecuting witness testified contrary to a statement previously made by her to the State's attorney, the State's attorney could be called to the stand for the purpose of contradicting her. In People *v*. Davis, supra, it was aptly said: "If, then, there is any privilege in the case, it must be the privilege of the State, in whose interest O'Rourke [the prosecuting witness] assumed to act when making his communication to the prosecuting officer. . . In this case, the prosecutor testified that on a particular day and at a place specified he witnessed the commission of the crime charged. The defense then offered to show that in laying the case before the prosecuting officer, the prosecutor stated that on the day and at the place specified he witnessed nothing wrong between the parties. If he did so state at that time, when he was laying before the public authorities the very case they were to prosecute, and if he now swears to a case altogether different, it may well be argued that he is unworthy of belief; and the State has no interest in interposing any obstacle to the disclosure of the facts, unless it is interested in convicting accused parties on the testimony of untrustworthy persons. But surely the State has no such interest; its interest is that accused parties shall be acquitted unless, upon all the facts, they are seen to be guilty, and if there shall be in the possession of any of its officers information that can legitimately tend to overthrow the case made for the prosecution, or to show that it is unworthy of credence, the defense should be given the benefit of it. There was, therefore, no privilege to preclude the giving of the testimony for which the defense called." The language there used by the court may well be used in the case at bar. It hardly seems necessary to state that there is no public policy of suppressing knowledge or information of the guilt or innocence of persons accused of crime by the State. We do not mean to be laying down any general rule upon the subject, but confine ourselves to the facts of the case here decided and those of a similar nature. As was said by Lumpkin, J., in *File* v. *Bennett*, supra, "It may be that a case might arise where it would be improper to allow a species of 'raid' upon the office of the solicitor-general in connection with his preparation of a pending case." We are therefore of the opinion that the court erred in sustaining the objection to the question propounded and the answer sought to be elicited.

■ Exceptions were taken to the ruling of the trial judge in allowing six named witnesses for the State to testify as to the good character and veracity of the only witness for the State who testified as to the facts necessary to support the indictment, upon the ground that it was an attempt to bolster up the evidence of such witness when there had been no attack made thereon except as to the evidence tending to disprove the facts to which he had testified. "A party can not support the testimony of his own witness before he is attacked either for want of character or because he has made contradictory statements." *Hamilton* v. *Conyers,* 28 *Ga.* 276. "Until the adverse party attacks the credibility of a witness, either for bad character or because of contradictory statements, the party calling him can not introduce evidence in support of his character for veracity. A mere conflict between the testimony of a witness and that of others who have testified on the opposite side will not authorize the admission of evidence to sustain the credibility of such witness." *Anderson* v. *Southern Ry. Co.,* 107 *Ga.* 500 (33 S. E. 644). See also *Travelers Insurance Co.* v. *Sheppard,* 85 *Ga.* 751 (12 S. E. 18); *Miller* v. *W. & A. R. Co.,* 93 *Ga.* 480 (21 S. E. 52); *Bell* v. *State,* 100 *Ga.* 78 (27 S. E. 669); *Barco* v. *Taylor,* 5 *Ga. App.* 372 (63 S. E. 224); *McAllister* v. *State,* 7 *Ga. App.* 541 (67 S. E. 221); *Holland* v. *State,* 17 *Ga. App.* 311 (86 S. E. 739); *Stewart* v. *State,* 37 *Ga. App.* 386 (140 S. E. 415). No evidence was allowed to go to the jury which attacked the witness for the State either for bad character or for contradictory statements. Therefore, it was error to allow the State to introduce witnesses to sustain the character of its main witness.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*