STATE OF IOWA, Appellant, v. W. H. HOUSEWORTH *et al.*

PRIVILEGED COMMUNICATION. Prosecuting attorney can not divulge what prosecuting witness tells him.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

THURSDAY, OCTOBER 11, 1894.

INDICTMENT for an assault with intent to commit rape. Verdict of not guilty, and the state appealed.—*Affirmed.*

*John Y. Stone,* attorney general, and *Thos. A. Cheshire,* for the state.

No appearance for appellee.

GRANGER, C. J.—At the trial of the indictment, after the state had rested and a part of the testimony for the defense had been offered, defendants' counsel called the county attorney as a witness, who, against his objection, was sworn. The prosecuting witness was one Lizzie Nosek. After the commission of the alleged offense she was in the office of the county attorney, and there stated to him facts relative to its commission, and particularly what defendant Houseworth said and did at the time of the alleged offense. The court, against the objections of the county attorney because the communications were privileged under the provisions of Code, section 3643, required him to disclose what was said to him. This appeal by the state is to test the correctness of the ruling.

The statute under which the exemption is claimed is as follows: "No practicing attorney, counselor, physician, surgeon, minister of the gospel, or priest of any denomination shall be allowed in giving testimony to disclose any confidential communication properly entrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline. Such prohibition shall not apply to cases where the party in whose favor the same are made waived the rights conferred." We do not understand it to be questioned but that the statements by the prosecuting witness to the county attorney were confidential, intrusted to him in his professional capacity, and were necessary and proper to enable him to discharge the functions of his office according to the usual course of practice. This being true, it becomes a question whether or not statements of a prosecuting witness in a criminal case can come within the purview of the statute. Because of remarks by the district court while the question was pending before it, we are led to understand that much, if not controlling, importance was given to the fact of whether or not the relation of attorney and client existed between the prosecuting witness and the county attorney; the court thinking that it did not exist, for it said: "So far as the relation or attorney and client is concerned, none existed in the world." While it is true that, as to attorneys, such communica, tions are oftener made by clients than by others, we do not think there is any such limitation upon the operation of the statute, but that it matters not from whom the communication is received, if it be to a practicing attorney in his professional capacity, and necessary for him to discharge the functions of his office. Mr. Ranck was attorney for the state. What transpired at the time of the alleged offense was necessary and proper to enable him to discharge the duties of his office. His client could not communicate with him, and all communications must be from third parties. But the statute nowhere fixes the communication to be privileged as between attorney and client, nor is it there by legal inference. The design of the law is to better enable attorneys, ministers, physicians, and others to discharge the duties of their respective offices; and it matters not from whom the communication comes, the question being, at all times, was it properly intrusted, and necessary for that purpose? We do not think it necessary to consider the question from the

standpoint of public policy, which has received some attention in argument, as we think, under the provisions of the statute, the objection should have been sustained. *The ruling of the court is erroneous, but as the appeal is by the state we can not reverse the judgment.*