# WALTER W. RIGGINS

*vs.*

# STATE OF MARYLAND.

*Criminal law: carnal knowledge of female; evidence; conversation with State's Attorney; when not privileged. Opinion of State's Attorney as to guilt; when admissible.*

Upon a criminal prosecution for carnally knowing a female under the age of 16, on cross-examination of the prosecuting witness, she was asked: First, "What did you tell the State's Attorney?" second, "Tell us your conversation with the State's Attorney?" Objections to the questions were sustained. *Held,* that by these questions she was expected to state all she told the State's Attorney, without regard to relevancy, and that the ruling was correct.                                    p. 167

She was further asked whether the State's Attorney did not say to her father, that there was no ground to have arrested her or the accused; objection to the question having been sustained, it was *held,* on appeal, that the ruling was correct.

p. 167

But a question as to whether she had not told the State's Attorney that she never had had intercourse with the accused, was proper, and should have been allowed to be asked and answered.                                    p. 168

While statements made privately to the State's Attorney by a prosecuting witness are privileged, in the sense that he can not be examined thereon, so as to contradict her, yet sometimes such a witness may be examined as to what the statements were.
pp. 172-173

It is improper for a prosecuting officer to assert his personal belief or personal conviction as to the guilt of the accused, if that belief or conviction is predicated upon anything other than the evidence in the case.          p. 174

But if such opinion is based upon testimony which, while not in the Record, was yet in evidence in the trial below, it presents no ground for reversal.          p. 174

*Decided January 26th, 1915.*

Appeal from the Criminal Court of Baltimore City. (ELLIOTT, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Wm. Purnell Hall* and *George J. Kessler,* for the appellant.

*Edgar Allan Poe, Attorney-General,* (with whom were *Wm. F. Broening, State's Attorney for Baltimore City,* and *Horton S. Smith, Assistant State's Attorney,* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellant was convicted in the Criminal Court of Baltimore City of carnally knowing one Ella Weitzel, a female, not his wife, who, at the time of the alleged offence, was alleged to have been between the age of fourteen and sixteen years.

During the progress of the trial five exceptions were taken to the rulings of the Court upon the evidence. The prosecuting witness, Ella Weitzel, testified upon examination-in-chief, that the first time she had sexual intercourse with the appellant was in May, 1913, after she had left the hospital in April of that year, and this she says was the first time she ever had sexual intercourse with any one. She further testified that the defendant had such intercourse with her on a number of occasions thereafter, before her arrest in the latter part of October, 1913. When arrested she with her father, went to the office of the State's Attorney and, as she states in her examination-in-chief, "they asked me questions and all and I would not tell them anything." When upon cross-examination she was asked: "Didn't you go to the State's Attorney's office?" Answer: "Yes, sir, the day they got me." She was then asked the five following questions, to which objections were interposed, and the objections being sustained, and exception was noted to each of them:

1st:—What did you tell the State's Attorney?

2nd:—Did the State's Attorney ask you if you had had intercourse with Riggins prior to coming to his office?

3rd:—Tell us your conversation with the State's Attorney?

4th:—Didn't you tell the State's Attorney that you never had intercourse with Walter Riggins?

5th:—Didn't the State's Attorney tell your father (who was at that time in the office of the State's Attorney) that there was absolutely no ground upon which to have you arrested, or Mr. Riggins?

The occasion she speaks of when at the State's Attorney's office was in October, after she had been arrested, and after the occasions upon which she testified the defendant had sexual intercourse with her. The Court's rulings on the first and third questions were undoubtedly correct. In answer to the first of these questions she was at liberty, in fact she was expected, to state all that she told the State's Attorney,

and in answer to the third question she was to give the entire conversation between them, without regard to its relevancy; and we find no error in the ruling of the Court upon the second question. The Court's ruling, in not permitting the witness to answer the fifth question was also correct, for had the State's Attorney said to the father that there was no ground upon which either the witness or defendant could have been arrested this should not have gone to the jury. But as to the fourth question, we think the witness should have been permitted to answer it. If at the time mentioned the witness told the State's Attorney that the defendant had never had sexual intercourse with her, such statement is contradictory of her testimony given at the trial, and it must have been largely upon her testimony that the jury found its verdict, therefore, such statement if made, was, we think, admissible and should have gone to the jury.

It is contended, however, by the State, that the statement made by her as a witness to the State's Attorney, was a confidential communication and is privileged.

In support of its contention, the State has referred us to 40 *Cyc.* 2369, in which it is stated: "A confidential communication to a prosecuting attorney of a State, County or District, by a prosecuting witness is privileged." The author in a note thereto cites a number of cases in support of this statement: *State* v. *Houseworth,* 91 Iowa, 740; *Gabriel* v. *McMullin,* 127 Iowa, 426; *State* v. *Phelps,* Kirby (Conn.), 282; *Michael* v. *Matson,* 81 Kan. 360; *Oliver* v. *Pate,* 43 Ind. 132; *Vogel* v. *Gruaz,* 110 U. S. 311; *State* v. *Brown* (Del.), 36 Atl. Rep. 463. In addition to the above cases the State has cited *Bowers* v. *State,* 29 Ohio St. 543, and *Worthington* v. *Scribner,* 109 Mass. 488.

The cases of *Worthington* v. *Scribner, Gabriel* v. *McMullin,* and *Vogel* v. *Gruaz* were suits for slander, while the cases of *Michael* v. *Matson* and *Oliver* v. *Pate* were suits for malicious prosecution. In each of these cases the communication forming the basis of the civil suit was made to the prosecuting

attorney, as such, in a proceeding criminal prosecution or investigation, and in all of such cases the Court refused to permit such prosecuting attorney to go upon the stand and disclose the communication so made to him.

In the case of *Bowers* v. *State,* the defendant was on trial upon an indictment for seduction under a statute of the State. The prosecuting witness having been examined by the State as a witness, and having denied, on her cross-examination, that she had ever admitted that the defendant's intercourse with her was had without any promise of marriage, the defendant in an attempt to prove such admission offered in evidence the admission of the prosecutrix made in *consultation with her attorney* in a bastardy proceedings instituted by her against the defendant. The Court there held that the case came clearly within the rule in regard to privileged communications between attorney and client and refused the admission of such evidence.

In the case of *State* v. *Houseworth,* the Court was construing a statute. The Court in the case of *State* v. *Phelps* would not permit the prosecuting attorney to put in evidence the disclosures made to him as such prosecuting attorney to the prejudice of the party making them. In disposing of the question the Court said "Disclosures under such circumstances to the attorney ought to be considered as confidential and it would tend to defeat the benefit the public may derive from them, should they be made use of to the prejudice of those from whom they come."

In the case of *State* v. *Brown* upon which the State greatly relies the defendant was on trial for murder. Thomas Oakes, the prosecuting witness, was permitted to testify as to what he had stated to the Attorney General when the latter was engaged with said witness in preparing the case for prosecution. To contradict the witness the private stenographer of the Attorney General, who was present at the time when the said statement of the witness was made was placed upon the stand, but the Court would not permit him to testify as to

said statement, holding that such communications were secrets of the State or matters the disclosure of which would be prejudicial to the public interest, but in the latter case of *State* v. *Rash,* 78. Atl. 405, it was held by the same Court that where a statement has been made by a witness to a prosecuting attorney bearing on the guilt of a person under investigation for bribery and where on the trial of a person for bribery the witness denied making such statement and has been indicted for perjury on such denial, the statement to the prosecuting attorney is not privileged and may be admitted in evidence against the witness under an indictment for perjury. The effect of this decision is that statements made to the prosecuting attorney are not under all circumstances to be regarded as privileged communications.

In other jurisdictions, in cases of malicious prosecutions and false arrests, the prosecuting attorney has been permitted, under objection, to state in evidence what had been communicated to him by the defendant, as prosecuting witness, in the investigation or prosecution of a preceding criminal charge, where such communication formed the basis of the civil suit. *Granger* v. *Warrington,* 8 Ill. 299; *Cole* v. *Andrews,* 74 Minn. 93; *Cobb* v. *Simon,* 119 Wis. 597; *Mysenberg* v. *Engelke,* 18 Mo. App. 346.

A case similar in many respects to the one now before us is the case of *People* v. *Davis,* 52 Mich. 569. In that case the defendant was charged with having committed adultery with the wife of one, Thomas O'Rourke, the prosecuting witness. The prosecutor gave his evidence in the case at length, and when the defense entered upon their proofs Mr. Lowell, who was prosecuting attorney of the county when the prosecution was begun, was called to the stand and was asked, with a view to impeaching the prosecutor, whether in the statement O'Rourke made to him he did not say that on the occasion when he saw his wife and respondent together on April 30th, 1882, he saw nothing wrong between them. Objection was made to this question by both Mr. Lowell and the present prosecuting attorney, on the ground that communications

made by the prosecutor to the prosecuting attorney were
privileged; and the Court sustained the objection. The Court
in that case, speaking through CHIEF JUDGE COOLEY, said:
"It does not appear to have been claimed that Mr. O'Rourke
had any privilege in the case, nor could it be; for he was
not as to this prosecution the client of the prosecuting attor-
ney, nor was that officer in any sense his counsel. He was,
on the other hand, a sworn minister of justice, whose duty it
was, while endeavoring to bring the guilty to punishment, to
take care that the innocent should be protected. *Wellar* v.
*People,* 30 Mich. 17, 24; *Meister* v. *People,* 31 Mich. 99.
Communications made to him for the purpose of invoking
official action are supposed to be made for the purposes of
public justice, and the party making them can assume no
control as to the use that shall be made of them subsequently.

"If, then, there is any privilege in the case, it must be the
privilege of the State in whose interest O'Rourke assumed
to act when making his communication to the prosecuting
officer. And we are not called upon in this case to consider
whether there may not be cases in which the prosecuting
attorney would be excused, in the interest of the State, from
disclosing what had been told to him with a view to the
commencement of criminal proceedings. There would be
strong reasons in many cases why the counsel of the State
should be inviolably kept; and nothing we shall say in this
case will be intended to lay down a rule except for the very
case at bar and others standing upon the same facts.

"In this case the prosecutor testified that on a particular
day and at a place specified he witnessed the commission of
the crime charged. The defense then offered to show that in
laying the case before the prosecuting officer the prosecutor
stated that on the day and at the place specified he witnessed
nothing wrong between the parties. If he did so state at
that time, when he was laying before the public authorities
the very case they were to prosecute, and if he now swears to a
case altogether different, it may well be argued that he is
unworthy of belief; and the State has no interest in inter-

posing any obstacle to the disclosure of the facts, unless it is interested in convicting accused parties on the testimony of untrustworthy persons. But surely the State has no such interest; its interest is that accused parties shall be acquitted unless upon all the facts they are seen to be guilty; and if there shall be in the possession of any of its officers information that can legitimately tend to overthrow the case made for the prosecution, or to show that it is unworthy of credence, the defense should be given the benefit of it. There was, therefore, no privilege to preclude the giving of the testimony for which the defense called."

It will thus be seen that the authorities are conflicting as to the character of such communications.

The case before us differs from the cases we have mentioned in that the evidence here offered is that of the prosecuting witness and not the prosecuting attorney as in those cases.

The question here presented is whether the prosecuting witness should have been required to answer the question and not whether the State's Attorney may be called to the stand to contradict her. If she had been permitted to answer the question and had answered it in the affirmative the State's Attorney would not have been called upon to disclose the statement made by her to him.

There may be, and doubtless are, cases where the administration of justice would be greatly impaired or interfered with if witnesses therein were required to testify as to information imparted by them to the prosecuting attorney in the investigation or prosecution of such criminal charges. In all such cases the witness should not be required to disclose such information, but in this case we can not see how the answering of the question asked could in any way prejudice the rights of the witness or interfere with the proper administration of justice or could in any way be regarded as against public policy.

. The witness had testified on behalf of the State that the defendant had sexual intercourse with her long prior to said conversation with the State's Attorney and had also testified

upon cross-examination that in such conversation she "would not tell the State's Attorney. anything" as to the offense charged against the defendant, when she was asked, "didn't you tell the State's Attorney that you never had intercourse with Walter Riggins ?" This question as we have said should have been answered, for had she made such statement to the State's Attorney, this fact should have gone to the jury as affecting her credibility to the extent of the weight the jury may have given it under the facts and circumstances of the case. But. as we will remand this case for new trial and as the witness, at such trial, may again be asked this question and may answer it in the negative, we will here state that in our opinion the State's Attorney may, if she denies making such statement, be called to the stand for the purpose of contradicting her. In so holding, however, we wish it understood that we are not laying down any general rule to be applied in all cases of this character, but what we here say applies only to this case or to cases of like facts and circumstances where there is no impairment of or interference with the fair and proper administration of justice by permitting such disclosures to be made.

The remaining exception is to the action of the Court in its refusal to instruct the jury to disregard an expression or statement of the State's Attorney made by him in his argument to the jury. It was disclosed by the evidence offered by the defendant that at the time the prosecuting witness was at the hospital in April, 1913, before the occasion upon which she said the defendant first had sexual intercourse with her, she had what is called a marital outlet.

The State's Attorney in his argument to the jury in referring to this evidence said : "I believe if she had a marital outlet before she went .to the Johns Hopkins Hospital, Riggins was the cause of it, and this is the reason I believe Riggins was the cause." He at that time, showing to the jury a postal card written by the defendant to the prosecuting witness which had been put in evidence.

"It is of course improper for a prosecuting officer to assert his personal belief or personal conviction as to the guilt of the accused, if that belief or conviction is predicated upon anything other than the evidence in the case. But, upon the other hand, such prosecuting officer has the undisputable right to urge that the evidence convinces his mind of the accused's guilt. Indeed, it would be mere stultification if it were contended that the prosecuting attorney could argue to the jury that the evidence should convince their minds although it did not convince his. A prosecuting officer therefore has the right to state his views as to what the evidence shows."

In *People* v. *Weber,* 149 Cal. 325, the opinion expressed by the State's Attorney was based upon the contents of a postal card which is not in the record, it seems, but which was part of the evidence in the case, and, therefore, in our opinion the Court committed no error in its ruling upon this exception.

The judgment, however, will be reversed for the error hereinbefore stated and a new trial awarded.

*Judgment reversed and new trial awarded.*