# CIRCUIT COURT NO. 2 OF MORE CITY.

Filed March 3, 1927.

ESTHER B. GELFAND
VS.
SIMON GELFAND AND GELFAND MANUFACTURING COMPANY OF BALTIMORE CITY.

*Vernon Cook* and *Benjamin Beck* for plaintiff.

*Roland R. Marchant, Simon E. Sobeloff* and *Charles T. Leviness, III,* for defendant.

STANTON, J.—

The plaintiff, in her bill of complaint, prays for a decree of divorce a mensa et thoro on the grounds of cruelty and brutal treatment; and abandonment and desertion; also for alimony, and the custody of three minor children.

"Abandonment or desertion, as a marital offense, consists in the voluntary separation of one of the married parties from the other, or the refusal to renew suspended cohabitation, without justification, either in the consent, or the wrongful conduct of the other party." * * *

"It must be the deliberate act of the party complained of, *done with the intent that the marriage relation* shall no longer exist." * * *

"*Separation and intention to abandon must concur*, and desertion does not exist without the presence of both. The two need not begin at the same time, but desertion begins whenever to either one. the other is added." * * *

Kline vs. Kline, 146 Md. 27; Muller vs. Muller, 125 Md. 172.

The law governing this case is settled by the Court of Appeals in many decisions bearing on the complaints set forth in the record.

It can serve no useful purpose to review in this memorandum the evidence in the case, which is voluminous.

The Court finds that the evidence does not support either the charge of cruelty or brutal treatment.

The only conduct on the part of the defendant from which it is claimed an intention to desert his wife and children can be inferred is the failure of the defendant at the time he left Baltimore in the early part of June, 1926, to tell his wife that he was going to California or when he would return to Baltimore. The husband and wife were not on speaking terms at this time, and after he left he mailed her a letter laying out certain financial arrangements for the family. The wife never replied to this letter, requesting either an explanation of the scheme and the reason for it, or protesting its contents or asking her husband when he intended to return to Baltimore, and instead of having any direct communication with her husband, took the letter to her counsel. Some time thereafter, the solicitors for the plaintiff inquired of the solicitor for the defendant whether Mr. Gelfand intended to return from California and when. There is nothing in the evidence to show that this request for information as to his movements was ever communicated to Mr. Gelfand.

The other circumstance relied on to show an intention to desert his wife and children is the cessation of the weekly allowance to the wife. Whether this was an oversight or the result of a direct order from Mr. Sobeloff, who was the solicitor for Mr. Gelfand, is open to discussion because Mr. Sobeloff testified that he thought the money for the last week in August had been paid. However, it was this circumstance that brought about the determination to file the bill of complaint, which was done on the 20th day of September, 1926. But there is nothing in the evidence to show that the defendant directed the weekly allowance to stop or that he ever knew it had been done. On the contrary, the amount named in the letter which he had sent his wife had been increased early in the summer to enable the wife to go to the mountains.

The defendant was in Los Angeles to complete the installation of a branch plant connected with his manufacturing business, which had occasioned his absence from Baltimore and his sojourn in the City of Los Angeles from October of 1925, until May of 1926, when he returned on account of the serious illness of one of his children, and the wife was fully advised about the construction which the plaintiff was installing in Los Angeles.

Taking the evidence in its entirety, the Court finds that it cannot be reasonably inferred, in a case of this character, that the defendant ever intended to desert his wife and children, and there is certainly no direct evidence to that effect.

For these reasons, the bill of complaint will be dismissed; the defendant to pay the costs.