34 P.(2d) 1100

## STATE v. BUTLER.

### No. 3972.

Supreme Court of New Mexico.

July 30, 1934.

Nils T. Kjellstrom, of Socorro, and Waldo H. Rogers, of Albuquerque, for appellant.

E. N. Neumann, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

ZINN, Justice.

Albert A. Butler was tried and convicted of murder in the first degree. He had taken the life of Ray Opal Stotts, a human being. On November 18, 1933, he was sentenced by the court to pay the penalty of a life for a life; death by electrocution. From the judgment and sentence the case is here for review on Butler's appeal.

An exhaustive review of the facts in the case is unnecessary. The first question presented for our consideration and determination is decisive.

The appellant requested an instruction to the jury pointing out the legal effect of a homicide committed by one so intoxicated as to be incapable of deliberation. The requested instruction was refused, and none was given by the trial court.

■ The record discloses substantial evidence that the appellant had been drinking whisky and was under the influence of such intoxicating liquor at the time he took the life of his fellow man. The degree and effect of such intoxication upon the mental capacity and deliberative powers of the appellant at the time of the homicide was a matter to be determined by the jury. It was the duty of the court to so charge the jury as to enable that trier of facts to consider and determine the effect and degree of such intoxication upon the mind of the appellant. It was the province of the jury, under proper instructions, to determine whether the appellant, due to intoxication, was deprived of his normal mental faculties and was incapable of forming that deliberate intent which would constitute of the act ascribed to him the crime of murder in the first degree. The court failed to give any instruction to the jury relating to the matter of intoxication, and in so failing committed error.

This rule of law is too well and firmly established in this jurisdiction to require a citation of more than the leading case. See State v. Brigance, 31 N. M. 436, 246 P. 897.

So far as the present appeal is concerned, we might stop here. However, in view of the necessity for a new trial, we have considered the remaining points of error urged in the brief.

■ The state's evidence included a written and signed statement made by appellant to federal officers while he was being held for trial. Its voluntary character was established prima facie and not attacked.

It is contended that the statement was inadmissible for the reason that it was not a confession of guilt. While it admitted the commission of two homicides, it gave them a color of self-defense. The statement being exculpatory, counsel urge, it is merely an admission and not controlled by the law of confessions. It is argued that, as a mere admission, it is objectionable as self-incriminating.

It would be a peculiar rule that would exclude an incriminating admission where a real confession of guilt would be received. If the voluntary character of a statement amounting to a confession of guilt will serve to overcome the constitutional objection, a fortiori it will avoid that objection in the case of an admission. We are not familiar with any contrary doctrine.

■■ We have held that the state, having introduced an incriminating admission, is bound to overcome the exculpatory matter contained in it. State v. Hernandez, 36 N. M. 35, 7 P.(2d) 930. Cf. State v. Clements, 31 N. M. 620, 249 P. 1003. In this case the statement was sufficient evidence of the homicide. Its character, as justifiable or not, was a question for the jury.

■ For some reason not disclosed by the record, the prosecution endeavored to prove the contents of this statement by the recollection of a witness to it refreshed by the statement itself. It is claimed, and is probably true, that the witness for the most part merely read the statement to the jury. This was perhaps technically objectionable, though on the present appeal we do not see how it could be held reversible error. The

456

statement itself being available and admissible, we assume that on another trial there will be no attempt to prove it by the refreshed recollection of those who heard it.

■ The statement admits another homicide so immediately following, related to and occasioned by the homicide for which appellant was tried, that we consider it of the res gestæ. We find no merit in the contention that the reading of the statement should have stopped with the narration of the first homicide.

■ At the outset of the statement made by appellant in the New Mexico penitentiary, he said: "In my previous statement made to L. A. Kindal, Special Agent, I stated that a man by the name of Strange, and one Tony Valdez, and a man by the name of Bussett, was connected with this murder; at this time I desire to correct that statement eliminating those individuals from any connection with this matter, and tell the truth, regardless of circumstances, as to how the crime was committed."

This earlier statement had been made while appellant was in custody in Louisiana. The state made no use of it in chief, but it did cross-examine to some extent as to its contents. It was objected that such inquiries were not permissible until a foundation had been laid for reception of the statement as a confession. The court ruled: "I have a set idea on this. It is like any other impeachment evidence so long as the instrument itself is not in."

We consider the ruling correct. The cross-examination appears to have proceeded according to Comp. St. 1929, §§ 45-604, 45-605. The right to inquire of the witness is not dependent upon a further right to show the falsity of his answer. Riggins v. State, 125 Md. 165, 93 A. 437, Ann. Cas. 1916E, 1117.

In State v. Fernandez, 37 N. M. 151, 19 P. (2d) 1048, 1050, we relied on the distinction between actual impeachment after foundation laid and "the effort to obtain admissions from the witness himself."

In State v. Archer, 32 N. M. 319, 255 P. 396, we upheld the right to "probe the conscience of the witness," though his denial might be conclusive because of inability for one reason or another to dispute him.

■ This principle is somewhat analogous to the right established in this state to question the witness as to specific misconduct or wrongdoing, holding the examiner bound by the answers. Cf. State v. Clevenger, 27 N. M. 466, 202 P. 687.

The cause will be reversed and remanded, with instructions to grant the appellant a new trial.

It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.