28 A.3d 704

**STATE of Maryland**

v.

**Bryan SIVELLS.**

**No. 3, Sept. Term, 2011.**

Court of Appeals of Maryland.

Sept. 20, 2011.

Carrie J. Williams, Asst. Dist. Atty. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for petitioner.

Vidya A. Mirmira, Assigned Public Defender (Williams & Connolly LLP, Washington, D.C.; Paul B. DeWolfe, Public Defender, Baltimore, MD), on brief, for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

PER CURIAM ORDER.

The petition for writ of certiorari in the above-entitled case having been granted and argued, it is this 20th day of September, 2011,

ORDERED, by the Court of Appeals of Maryland, that the writ of certiorari be, and it is hereby, dismissed with costs, the petition having been improvidently granted.

MURPHY, J., Dissents.

MURPHY, J., dissenting.

Although the denial of a *cert.* petition does not enhance the precedential value of an opinion, because a reported opinion of the Court of Special Appeals may be cited as precedent,[1] I dissent from the decision to deny—as improvidently granted— the petition before us in the case at bar.

Even though *Sivells v. State*, 196 Md.App. 254, 9 A.3d 123 (2010), does not expressly hold that the findings made by the federal judge in 2003 were admissible to attack Detective Wilson's credibility in the case at bar, I am certain that this opinion will be cited as authority for the manifestly incorrect proposition that a witness can be impeached with extrinsic evidence that—on a prior occasion, in another courtroom—a trial judge found that the witness' testimony included "knowing lie[s]." While such a finding obviously "establishes a reasonable factual basis" to permit cross-examination of the witness about whether he or she had lied under oath when testifying in that particular case, Md. Rule 5–608 prohibits the introduction of "extrinsic evidence" to establish that the witness had previously lied under oath. Moreover, in *Newton v. State*, 147 Md. 71, 127 A. 123 (1924), this Court held that it was "highly objectionable" to impeach the credibility of a witness by showing that "the same statement as that to which he testified in this case ... had already been discredited by

---

1. The reported opinion of a Maryland appellate court "remains the law unless and until it is overruled[.]" *Deems v. Western Maryland Railway Company*, 247 Md. 95, 102, 231 A.2d 514, 518 (1967).

three judges sitting in the same court in another case[.]" *Id.* at 90, 127 A. at 131. I would therefore make it clear that the Circuit Court should have granted the State's motion *in limine* to exclude the federal judge's on-the-record findings.[2]

I would also make it clear that improper prosecutorial "vouching" did not occur in the case at bar. While holding that "[t]he invited response doctrine does not salvage the prosecutor's remarks in this case," the Court of Special Appeals stated:

> The objected to comments, that the officers could lose their pensions and livelihood if they lied, and that these honorable officers "told the truth," were not a response to defense counsel's argument that this was one of the lamest prosecutions he had seen. Rather, it was a response to defense counsel's attacks on the credibility of the officers, and we have already concluded that these credibility attacks were not improper.

> Thus, the prosecutor's response, vouching for the credibility of the State's primary witnesses against appellant, was not a reasonable response to an improper defense remark[.]

*Sivells, supra,* 196 Md.App. at 287–88, 9 A.3d at 143. In the case at bar, however, (1) the jury was presented with evidence—introduced by Petitioner, over the State's *in limine* objection—that the Police Department had disciplined Detective Wilson as a result of his federal court testimony, and (2) during closing argument, Petitioner's trial counsel actually characterized that discipline as "as close as you get to being fired." Under these circumstances, it is clear to me that Petitioner was not *unfairly* prejudiced by a rebuttal argument that included an assertion that a police officer who testifies falsely runs the risk of losing his or her "pension" and/or "livelihood."

---

**2.** Even if the federal judge had been subpoenaed to express his personal opinion about Detective Wilson's character for veracity, "a brief and limited encounter" with Detective Wilson is an insufficient foundation for the admission of that opinion. *Durkin v. State,* 284 Md. 445, 452–54, 397 A.2d 600, 604–5 (1979).

It is also clear to me that Petitioner was not *unfairly* prejudiced by a rebuttal argument that included the assertion that the Detective Wilson and Detective Carrington were "honorable officers." No reasonable juror would infer that this assertion was based upon evidence not presented to the jury, but known to the prosecutor. The prosecutor was entitled to argue that (1) it was "honorable" for Detective Wilson to admit that he had "made some mistakes" while testifying in federal court, (2) what police officers do is "honorable" work, and (3) "You've had the ability to judge their demeanor. They are honorable men."

In *Riggins v. State,* 125 Md. 165, 93 A. 437 (1915), citing with approval the nearly identical analysis of the California Supreme Court in *People v. Weber,* 149 Cal. 325, 86 P. 671, 677 (1906), this Court stated:

> It is of course improper for a prosecuting officer to assert his personal belief or personal conviction as to the guilt of the accused, if that belief or conviction is predicated upon anything other than the evidence in the case. But, upon the other hand, such prosecuting officer has the undisputable right to urge that the evidence convinces his mind of the accused's guilt. Indeed, it would be mere stultification if it were contended that the prosecuting attorney could argue to the jury that the evidence should convince their minds although it did not convince his. A prosecuting officer therefore has the right to state his views as to what the evidence shows.

*Id.* at 174, 93 A. at 440.

For the above stated reasons, this Court should not deny— as improvidently granted—the petition before us in the case at bar. We should instead reverse the judgment of the Court of Special Appeals on the ground that the rebuttal argument at issue was a fair response to (inadmissible) evidence—and argument on that evidence—introduced over the objection of the State, and was predicated upon nothing other than the evidence presented to the jury.