Hamilton vs. Conyers.

---

HAMILTON vs. CONYERS.

1. A plea, which, in effect, is a plea, of partial failure of consideration, that in ascertaining the price of lands sold, which was to be arrived at by estimating the number of acres in all the lands, there was a fraud or mistake in setting down the number of lots of land by which one lot was added improperly, is a good plea.

2. A plea, filed as a plea of *non est factum*, and of no value except as such plea, need not be stricken out, if the affidavit of its truth be expunged, It cannot benefit the defendant nor harm the plaintiff.

Hamilton vs. Conyers.

3. Evidence of fraud or mistake, in making the estimate of the price to be paid for a settlement of land, in a suit on a note given for the land is admissible, although notes and a bond for titles expressive of the contract were signed by the parties, and such evidence does not vary or contradict the written testimony.

4. A party cannot support the testimony of his own witness before he is attacked either for want of character or because he has made contradictory statements.

5. If, on a note given in part of the consideration agreed to be paid for lands, the payee enter that the principal of the note is reduced one thousand dollars in consequence of the correction of an error in the bond for titles, such entry does not *bind* the party making it; it depends on whether the error was in the contract, and in the process used in arriving at the aggregate price of all the lands, to give effect to which the bond for titles was given.

Complaint and motion for New Trial, in Cass Superior Court, before Judge TRIPPE, at September Term, 1858.

This was an action by Thomas Hamilton against Bennett H. Conyers, to recover one thousand dollars and interest thereon, the balance due on a promissory note, given by Conyers to Hamilton.

The defendant pleaded the general issue and payment; and also a further special plea that said note was given for a settlement of land, composed of lots and parts of lots represented by plaintiff, as making and being 26 forty acre lots; that said land was sold at $25 per acre, making one thousand dollars per lot, when in fact there was but twenty-five lots; lot No. 738 being written and counted twice by plaintiff, and that there were consequently no consideration for the balance of $1,000, apparently due on the face of said note. The plea further states that defendant called on plaintiff after said error was discovered, when plaintiff entered on the back of said note the following: "February 13th, 1852. The principal of this note is reduced by the sum of one thousand dollars, in consequence of a correction of an error in the bond for titles, in which 738, as the number of a lot, was inadver-

tently twice noted down ;" and that afterwards, without defendant's knowledge, and in his absence, plaintiff altered said entry, by adding thereto the following, viz: "but is to continue so reduced only till disinterested men shall have decided that such a reduction should be made for such an error," and that the bond for titles was altered in accordance with the entry as first made on the note.

The evidence being closed, the presiding Judge charged the Jury as follows:

This is an action on a promissory note ; the plaintiff insists that there is still due on this note one thousand dollars, besides interest. The defendant pleads payment, and insists that it is proven, that it is all paid. On the note, offered is evidence, there is a memorandum that the principal of the note is reduced by the sum of one thousand dollars, &c. If this memorandum stands as a credit on this note, then it is to be admitted that the plea of payment is sustained, and you should find for the plaintiff the costs only till the appeal was entered. If it does not stand as a credit, then you should find for the plaintiff one thousand dollars with interest from the date of the note. It is an acknowledgment, an admission, on the part of the plaintiff, that it is reduced $1,000, if disinterested men shall determine that said note ought to be so reduced ; in other words, it is proof that this note is reduced, if, under the circumstances of the case, it ought to be so reduced. This note was plaintiff's paper, his property, and plaintiff had the right to put what memorandum he pleased on it. But if plaintiff put anything there which amounts to an acknowledgment, an admission, that any part of said note is not due, whenever he offers it in evidence it will bind the plaintiff.

The plaintiff admits that it is so reduced if disinterested men shall say that it ought to be. This matter never having been by both the parties heretofore, is now submitted to you. There was no obligation on the part of

the defendant to submit this matter to any one but you. The memorandum on the back of the note, offered in evidence by the plaintiff, admits that there was an error, &c., and admits the amount of principal of note reduced on account of said error $1,000, if for such an error that reduction ought to be made. The parol evidence in this case has been admitted not to vary the contract as evidenced by the bond and note, but to explain the admissions of plain-tiff contained in the memorandum on the note, what plaintiff did admit, or intend to admit. This admission is no contract, and requires no consideration to support it, other than the error, if error there was, to make it obligatory on the plaintiff. If it is obligatory on plaintiff, under the instructions of the Court on this matter, it then amounts to a receipt, or has the effect of a receipt on the note. If plaintiff, at the time he made the entry on said note, admitting the error, was mistaken, and no error, which ought to effect the note, existed, then plaintiff is not bound to allow the receipt, and it is no payment or reduction of the note. Then the question for your determination is, ought the reduction to have been made? If, from the testimony in this case, you believe that the plaintiff sold and defendant bought plaintiff's settlement of land in gross, and not as containing so many lots of land, for the price specified, and that defendant got the land he bargained for, then the defendant is not entitled to the credit insisted on, although the settlement of land did not contain the number of lots supposed by the parties.

Again, if the Jury believe, from the testimony, that the error admitted by the plaintiff in the memorandum on the back of the note consisted in noting down the number of one of the lots twice, when 364 was one of the lots sold, and made one of the 26 lots sold, then the defendant is not entitled to the credit of $1,000, although he may have bargained for the twenty-six lots, and not for

the settlement of land in gross. If the Jury, however, believe that plaintiff intended to sell defendant, and defendant intended to buy 26 lots of land at $1,000 each, and that only 25 lots were actually sold to defendant, and that is the error admitted in the memorandum, for which the reduction was to be made, then, and in that case, the defendant is entitled to the reduction of $1,000, and you should find for the plaintiff only the costs up to the entering the appeal.

The Jury found for the defendant; whereupon counsel for plaintiff moved for a new trial, on the following grounds, viz :

1st. Because the Court erred in refusing to strike out the second plea, on motion made by demurrer thereto by plaintiff's counsel.

2d. Because the Court erred in refusing to strike the plea, on motion of plaintiff's counsel, of *"non est factum,"* which set forth that an addition had been made to an entry on the note, without the knowledge of the defendant, the Court deciding that it was not a plea of *"non est factum,"* and ordered the affidavit only to be stricken.

3d. Because the Court erred in admitting in evidence parol evidence going to show that the plaintiff sold the defendant one thousand and forty acres of land at twenty-five dollars per acre, the contract being one which the law required to be in writing, and which was in writing, as was shown by the note and the bond which were in evidence; the said parol evidence being objected to by plaintiff's counsel.

4th. Because the Court erred in admitting parol evidence going to show that the plaintiff sold to the defendant twenty-six lots of land, at one thousand dollars a lot; plaintiff's counsel objecting to the same on the ground that it was illegal, and went to add to, contradict, or vary the written contract.

5th. Because the Court erred in admitting each part

Hamilton vs. Conyers.

and parcel of the parol evidence offered by the defendant going to show that the land was sold by the lot; the same being objected to by plaintiff's counsel.

6th. Because the Court erred in rejecting the evidence of Turner H. Trippe, the presiding Judge; that Edmund S. Harris, a witness whose testimony had been introduced by the plaintiff, was a man of strict integrity and scrupulous regard for the truth; which testimony the plaintiff proposed to introduce.

7th. Because the Court erred in charging the Jury that the entry on the note is an acknowledgment and admission on the part of the plaintiff that the note is reduced one thousand dollars, if disinterested men should say that said note ought to be thus reduced; in other words, it is proof that the note is reduced, if, under the circumstances, it ought to be so reduced.

8th. That the Court erred in charging the Jury, "This note was plaintiff's paper, his property, and plaintiff had a right to put what memorandum he pleased on it, or to add to that memorandum what he pleased; but if he, plaintiff, put anything which amounts to an acknowledgment, an admission, that any part of said note is not due, whenever he offered it in evidence it will bind the plaintiff;" and the Court erred in charging the Jury "That the plaintiff admits that it was so reduced, if disinterested men should say that it ought to be. This matter never having been by both parties submitted to disinterested men, therefore it is now submitted to you.

9th. Because the Court erred in charging the Jury that the memorandum on the back of the note, offered in evidence by the plaintiff, admits that there was an error, &c., as stated in the entry, and admits the amount of the principal of the note is reduced on account of said error $1,000, if for such an error that reduction ought to be made.

10th. Because the Court erred in charging the Jury—

"This admission is no contract, and requires no conside-
ration to support it other than the error, if error there
was, to make it obligatory on the plaintiff.    On this
matter it then amounts to a receipt, or has the effect of a
receipt on the note."

11th. Because the Jury found contrary to the law and
the charge of the Court.

12th. Because the Jury found contrary to law.

13th. Because the Jury found contrary to the evidence.

14th. Because the verdict of the Jury is manifestly,
and strongly, and directly against the weight of evidence.

It was admitted on the trial that the defendant had
paid all the cost that had accrued before the appeal, and
all the principal and interest except $1,000, and the in-
terest on that sum.

The Court overruled the motion for a new trial, and
counsel for plaintiff excepted.

J. W. H. Underwood, Wright & Shropshire for plain-
tiff in error.

W. Akin, Chisolm & Waddell, and Milner, contra.

By the Court.—McDonald, J., delivering the opinion.

This was an action of complaint in the Court below,
for the recovery of a balance of one thousand dollars,
claimed to be due on a promissory note of thirteen thous-
and dollars.    The defendant appeared and pleaded the
general issue and payment.    He also pleaded that the
said promissory note was given in part payment for a set-
tlement of land, composed of lots and parts of lots suffi-
cient to make (or were so represented by the plaintiff to
the defendant) twenty-six forty acre lots of land; that the
plaintiff rated and sold the land to the defendant at twen-
ty-five dollars per acre, making one thousand dollars per
lot, when in truth and in fact the plaintiff did not own

Hamilton vs. Conyers.

but twenty-five forty acre lots; and in making out the number of said lots, said plaintiff set down lot No. 738 twice, and said plaintiff wrote it twice in said bond, thereby selling and conveying to the defendant forty acres of land more than the plaintiff owned. The plea further alleges that the defendant was ignorant of the error until after the note was given and the bond executed, and that when he discovered the said error he called on the plaintiff to correct it, which he promised to do; and on the 13th day of February, 1852, in order to correct said error, the plaintiff made the following entry on the back of said note: "February 13th, 1852.—The principal of this note is reduced by the sum of one thousand dollars, in consequence of a correction of an error in the bond for titles, in which seven hundred and thirty-eight, as the number of a lot, was inadvertently twice noted down;" and that afterwards, at some time in the absence of the defendant, and without his knowledge or consent, the said plaintiff wrongfully and fraudulently altered said entry on said note, which had been entered there by an agreement between the said plaintiff and the defendant, by adding thereto the following, to-wit: "But is to continue so reduced only till disinterested men shall have decided that such a reduction should be made for such an error;" and that the bond was altered by the plaintiff in accordance with the entry on the note, by agreement between the said plaintiff and defendant, and at the time of the first entry so made, and before it was altered as aforesaid. The defendant therefore claimed a credit of a thousand dollars, for and on account of the error of said plaintiff, in selling to the defendant one lot of land more than he owned at the time. The defendant filed a plea of *non est factum* to the entry made by the plaintiff on the back of the note, that such entry was not the act or deed of the defendant. On objection to this plea by plaintiff's counsel as a plea of *non est factum* the Court below directed the

affidavit of defendant, of the truth of it, to be stricken out, which left the matter pleaded harmless to the plaintiff. The parties went to trial on these pleadings, and the parties respectively introduced their evidence. The presiding Judge also charged the Jury as above set forth.

The Jury retured a verdict for the defendant, whereupon the plaintiff moved for a new trial, on the several grounds set forth in the motion.

1. The first ground in said motion is the refusal of the Court to sustain the demurer to the second plea of the defendant. The plea demurred to is, in effect, a plea of partial failure of consideration, and alleges that the price agreed to be paid was fixed by ascertaining the number of acres of land sold, and its value at .$25 per acre, and that, in making out the number of lots, the plaintiff set down one lot twice, and that the plaintiff wrote it twice in the bond. According to the plea the sale was not of a part or of parcels of land for a gross sum, but for a sum to be ascertained, and which was ascertained by first arriving at the number of acres, and then its value at $25, for each acre. It is alleged that there was a deficiency of forty acres in the quantity, and to that extent it is claimed that the defendant is entitled to a credit on the note. We do not think, therefore, that the plea was demurrable.

2. We think that the Court did, in effect, strike out the plea of *non est factum*, when it directed the affidavit to be stricken. The object of the plea was to deny what was never insisted upon, that the credit on the back of the note was not the act or deed of the defendant. After striking the affidavit, nothing remained that was not in the plea which preceded it. It was emasculated of the energy which the defendant had given it by annexing his affidavit to it.

3. The parol evidence objected to by plaintiff's counsel, and admitted by the Court, the admission of which is

Hamilton vs. Conyers.

made the third ground in the motion for a new trial, was not offered to prove a contract by parol, which the law requires to be in writing, and which can be evidenced by writing only. It does not fall within the rule of law on which the objection is based. The contract is in writing, and remains in writing, but because the law requires it to be in writing, it does not place it beyond explanation or impeachment. The parol evidence does not show that the contract was not as specified in the note and bond; viz : that the defendant agreed to give the plaintiff twenty-six thousand dollars for a settlement of land. That is the admitted contract, but it is proposed to show, by parol evidence, that in arriving at the price for the settlement, a particular process was resorted to by the parties, to-wit : to ascertain the number of lots of forty acres of land each the quantity of land in the settlement would make, and by valuing them at one thousand dollars per lot get the agreed price of the entire settlement, and that, in computing the price in that manner, there was an over-estimate of the number of lots of land sold. Such evidence, we say, on the fourth ground in the motion for a new trial, does not vary, add to or contradict the written contract. For reasons already assigned, we do not think that a new trial should have been ordered on the fifth ground taken in the motion. Some of the Court are are of opinion that parol evidence was admissible to explain an ambiguity in the bond, For myself, I place my judgment on other assigned reasons.

4. It does not appear that the defendant introduced evidence to impeach the testimony of Edmund C. Harris, a witness for plaintiff, either by proof of bad character or of contradictory statements. It is unnecessary to determine the question whether the presiding Judge might have been *sworn* as a witness in the cause, as that point will not be involved in this case again.

5. The seventh, eighth and ninth grounds in the mo-

tion for a new trial, all relating to the charge of the
Court, may be disposed of together. They all relate to
the entry or memorandum made on the back of the note,
and, more or less, to its effect as evidence against the
plaintiff. In considering the charge in this relation, we
must regard the pleadings and the evidence in connection
with the entry. There are two averments in the plea:—
1st, That in making out the number of lots of land, the
plaintiff set down lot number seven hundred and thirty-
eight twice; and 2d, and that said plaintiff wrote it twice
in the bond. The counsel for defendant, with his usual
skill and vigilance, looked no doubt well to the nature of
his defence before he filed his answer, and concluded that,
if there was a mistake in the bond only, and none in the
schedule of lots made in ascertaining the price of the
whole land sold, the thousand dollars claimed by the
plaintiff were still due. Hence he made that issue lest
the other should fail. The note and bond were given in
evidence to the Jury. The price had no doubt been as-
certained, and the contract made by the parties before the
notes and bond were written. The bond recites that
the notes had been given, states the amount of each and
when payable. Dr. Young testified that the defendant
told him that he had bought twenty-six lots from the
plaintiff, at one thousand dollars a lot, and that plaintiff
had but twenty-five lots in the settlement; that when he
bought the land all the lots and parts of lots were put
down, and the number of acres in each lot, and that the
acres were added up and multiplied by twenty-five, in
order to ascertain the price for the land, and it made
$26,000. This statement corresponds with the manifest
inference from the terms of the bond, that every particu-
lar of the contract had been arranged and agreed upon
between the parties before they set down to reduce it to
writing. If this be so, the rights and obligations of the
parties depend on the accuracy of the schedule of lands

made at the time spoken of by the defendant.    Whether it agreed with the bond or not, it should be taken as the contract of the parties on the trial of the issue between them.    If the error was in transcribing the numbers from the schedule, and not in the schedule, the defence set up. is inadmissible.    If it was in the schedule made out before hand, and there were not, in fact, as many lots of land, or acres, as the aggregate price was made up upon, then the defence is made out.    The entry on the back of the note was for the correction of an error in the bond for titles, in which seven hundred and thirty-eight, as the number of a lot, was inadvertently twice noted down.    It is so stated.    Allowing the entry to stop here, and rejecting entirely the part which was unquestionably added without the knowledge or consent of the defendant, and it by no means follows conclusively that there was, in fact, an error committed by the parties in the process of arriving at the value of the lands embraced by the actual contract.    According to the evidence of the attesting witness of the bond, he was called on to notice that one lot of land, whose number was not remembered, was not put in the bond.    If such was the fact, the price was right as put in the notes, for, striking from the calculation the second entry in the bond of lot number 738, and the complement of land upon which the price of the entire settlement of land was reckoned, was equal to twenty-six forty acre lots.    All these contested matters are for the determination of the Jury, upon the evidence submitted to them by the parties.    It will be readily perceived, from what we have said, that in our judgment the presiding Judge erred when he instructed the Jury that, "if the plaintiff put anything which amounts to an acknowledgment, an admission, that any part of said note, whenever he offers it in evidence, it will bind the plaintiff."    A word or words are wanted in this sentence of the charge of the Court, to make it complete, but as it is, it is un-

derstood, and must be understood as applying to the in-
dorsement on the note that the principal is reduced one
thousand dollars, &c.   Taking the charge in this relation
and the Jury must have understood the law of the case to
be that the plaintiff was *bound* by it; that it was not nec-
essary to enquire further.   The charge was too strong
and absolute, for, although the admission was unques-
tionable, that the principal of the note was reduced one
thousand dollars, in consequence of a correction of an
error in the bond for titles, the plaintiff was not *bound* by
it, if the error was in the bond for titles only, and not in
the agreement itself, of which the bond was intended to
be the evidence.   The fault of the charge is that the pre-
siding Judge told the Jury that the admission would *bind*
the plaintiff.   The entry was evidence, for what it was
worth, on the issue, that in making out the number of
said lots the plaintiff set down lot number 738 twice.   It
is a misfortune that the original paper on which the num-
bers of the land were put down, with the quantity in
acres in each lot, and added together to make the aggre-
gate, and that aggregate multiplied by twenty-five, was
not preserved to be produced on the trial.   That would
be conclusive on all the issues between the parties.

The Court further charged the Jury that "the plaintiff
admits it was so reduced, if disinterested men should say
that it ought to be, this matter never having been sub-
mitted to disinterested men heretofore, is now submitted
to you."   This latter part of the charge omits an essential
part of the admission, viz:—"for *such* an error;" of
course because a number was twice noted down on the
*bond.*   Our judgment is, that the plaintiff was not *bound*
by the admission referred to by the Court in his charge to
the Jury, but it was open to argument and explanation,
like any other admission of a party, and the Jury ought
to have been so instructed.

The charge referred to in the tenth ground of the mo-

tion for a new trial required some qualification. To make the admission obligatory on the plaintiff, it must have been an admission of an error in the contract as hereinbefore remarked upon. There, we think, is the whole issue, whether there was an error in the estimate of lots first made. The endorsement on the note does not admit that. To that point alone we think the attention of the Jury should be directed upon a full consideration of all the evidence in the case.

As the cause goes before another jury for trial, we think it would be improper for us to express any opinion on the other points taken in the motion for a new trial.

Judgment reversed.