## ELLISON *v.* THE STATE.

LUMPKIN, J. 1. The doctrine of reasonable fears as a defense does not apply to any case of homicide where the danger apprehended is not urgent and pressing, or apparently so, at the time of the killing. *Jackson* v. *State,* 91 *Ga.* 271 (18 S. E. 298, 44 Am. St. R. 22) ; *Williams* v. *State,* 120 *Ga.* 870, 873 (48 S. E. 368).

13

2. The law relating to the presumption of malice arising from proof of a voluntary homicide, where the evidence adduced to establish the homicide does not negative the existence of malice, and relating to the burden of proof to show circumstances of alleviation or justification, unless they appear from the evidence adduced against the accused, is settled by the decision in *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934), and cases following it. *Delk* v. *State*, 135 *Ga.* 312 (69 S. E. 541).

3. Where one indicted for murder relied on the defense of acting under the fears of a reasonable man, under the Penal Code (1910), § 71, which declares that "a bare fear of any of those offenses to prevent which the homicide is alleged to have been committed shall not be sufficient to justify the killing, but the circumstances must be such as to excite the fears of a reasonable man," there was no error in giving in charge section 70, defining justifiable homicide in defense against one who manifestly intends or endeavors, by violence or surprise, to commit a felony upon the person of the slayer, in order that the jury might understand the reference to "a bare fear of any of those offenses," in the section first cited.

4. While a husband may be justified in killing another man, if necessary to prevent the latter from committing rape on the wife of the former, he will not be justified at a later day in killing the other person in revenge for a previous attempt to commit rape upon his wife. *Hill* v. *State*, 64 *Ga.* 453; *Futch* v. *State*, 90 *Ga.* 472, 480 (16 S. E. 102); *O'Shields* v. *State*, 125 *Ga.* 310 (54 S. E. 120); *Mize* v. *State*, 135 *Ga.* 291, 297 (69 S. E. 173).

(*a*) The facts in *Biggs* v. *State*, 29 *Ga.* 723 (76 Am. D. 630), and the points actually decided were different from a case involving killing merely in revenge for a past offense. The language used in the discussion in that case has been considered, and held not to conflict with later rulings, so as to override them. *Wilkerson* v. *State*, 91 *Ga.* 729, 733 (17 S. E. 990, 44 Am. St. R. 63); *Gossett* v. *State*, 123 *Ga.* 431, 435 (51 S. E. 394).

(*b*) The charge of the court on this subject was quite as favorable as the plaintiff could have asked, if not more favorable to him than he was entitled to have given.

5. In determining whether a homicide shall be reduced from murder to voluntary manslaughter, on the ground that the slayer acted without malice and under the excitement of passion justified by the circumstances, provocation by words, threats, menaces, or contemptuous gestures will not be sufficient to reduce the homicide to manslaughter. Penal Code (1910), § 65.

6. Where the judge charged the law in reference to justification if the slayer acted under the fears of a reasonable man, in accordance with the Penal Code (1910), § 71, and also charged the law touching voluntary manslaughter and the reduction of the homicide from murder to manslaughter in accordance with the Penal Code (1910), § 65, it furnishes no ground for reversal that he failed, in connection with the latter charge, to specifically instruct the jury as to what consideration might be given to threats and menaces in connection with the doctrine of reasonable fears. *Futch* v. *State*, 137 *Ga.* 75 (72 S. E. 911).

7. A failure to charge in regard to the consideration to be given by the jury to evidence of good character of the defendant, in the absence of a request for such a charge, will not require a reversal.

8. While some of the rulings of which complaint was made, were to some degree subject to criticism, in the light of the evidence and of the entire charge, none of them were such as to require a reversal.

*Judgment affirmed. All the Justices concur.*

DECEMBER 13, 1911.

Indictment for murder. Before Judge Frank Park. Worth superior court. September 23, 1911.

*Tipton & Passmore,* for plaintiff in error.

*T. S. Felder, attorney-general, W. E. Wooten, solicitor-general,* and *F. A. Hooper,* contra.