## ROACH *v.* THE STATE.

HINES, J. 1. Exceptions to instructions by the court to the jury, which in themselves are correct, on the ground that the court failed to give in connection therewith other pertinent principles of law, do not furnish grounds for the grant of a new trial. *Currie* v. *State*, 152 *Ga.* 178 (111 S. E. 727).

2. The court gave in charge to the jury Penal Code (1910) § 71. To this charge the defendant excepts on the grounds: (1) that it was misleading to the jury, and (2) that "it was mixing up of section 71 of the Criminal Code with section 73 of the Code of 1910." These exceptions are without merit, it not being alleged, and it not appearing, how this instruction misled the jury, and it not being alleged that the court gave in charge to the jury § 73 of the Penal Code.

3. The court charged the jury as follows: "The defendant, on the other hand, contends that he had no malice, either express or implied, to the man John Glover; that if any altercation arose between them, the killing could not be greater than voluntary manslaughter, because of the absence of malice; but he goes further and says everything he did was done in his own defense, that John Glover was threatening to shoot him, and that acting under the fears of a reasonable man, believing that his own life was in danger, he shot to protect himself. If you believe any of those contentions of the defendant, the defendant is not guilty. If you believe he acted in his own defense, he would not be guilty of any crime whatever." The defendant excepts to this charge, for the reasons: (1) that the defendant did not contend that he was guilty of

voluntary manslaughter, and (2) it was error to charge the jury that the defendant admitted that he was guilty of voluntary manslaughter, or that the killing could not be greater than voluntary manslaughter. *Held,* that as the verdict was for murder and not for voluntary manslaughter, and as this instruction in no way limited the right of the jury to find the defendant guilty of the lesser offense, error, if any, in the charge on the contention of the defendant in reference to the minor offense is not cause for a new trial.· *Clark* v. *State,* 142 *Ga.* 601 (3) (83 S. E. 223). Besides, as the court in this instruction further charged in effect that if they believed this contention he was not guilty, this instruction was favorable to the defendant, and does not require the grant of a new trial.

4. Failure to charge in regard to the consideration to be given by the jury to evidence of good character of the defendant, in the absence of a request for such charge, will not require a reversal. *Ellison* v. *State,* 137 *Ga.* 193 (7) (73 S. E. 255).

5. There is evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*

No. 3894. DECEMBER 13, 1923.

Murder. Before Judge Malcolm D. Jones. Houston superior court. June 26, 1923.

*J. W. Bloodworth, John R. Cooper,* and *W. O. Cooper, Jr.,* for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.