## 25271. CLARK v. THE STATE.

DECIDED DECEMBER 11, 1935.

*Lankford & Rogers,* for plaintiff in error.
*Marvin L. Gross, solicitor-general,* contra.

Guerry, J. The defendant, in making his statement to the jury, said: "'I have been in town forty years. I was raised by white people, and I think have got a pretty good record." Over objection, a witness for the State was allowed to testify as follows: "As to what people say about him as to his general reputation for peacefulness and violence—I don't know that I ever heard any of the white people say anything. I have heard the colored folks say things about him. These folks that I have heard say anything about him, they say his reputation is bad. . . The only things I have ever heard against him the colored folks said it." The objection was that the defendant had not put his character in issue, and therefore that the State had no right to introduce evidence as to his reputation for peacefulness and violence. The further objection was urged that the witness had not sworn that he knew the general reputation of the defendant for peaceableness and violence.

Character has been defined as the kind of person one actually is. Reputation as the kind of person people say he is. Character is internal; reputation external. One is substance; the other shadow. However, character in our legal parlance has the same meaning as reputation; that is, what one's fellows say about him. *Peacock* v. *State,* 10 *Ga. App.* 402 (73 S. E. 404). As a general rule, the general character of the parties is not admissible. Code of 1933, § 38-202. In criminal trials the State can not introduce evidence of the character of the accused, unless the accused has himself first put it in issue. The State may then disprove or rebut, by competent evidence, that which the defendant has seen cause to assert. Good character may of itself generate a reasonable doubt in the minds of the jury as to the defendant's guilt; and for this reason the defendant is allowed, when he sees fit, to offer his good character in issue. He may do this by his own statement to the jury as well as by testimony of other witnesses. This defendant stood charged with murder. He stated to the jury that he was raised by white people, and *"I think I have got a pretty good record."* This amounted to a statement, in general acceptation, that his character was good. The State could properly rebut this by a showing that his general reputation for peaceableness and violence was bad. See *Turner* v. *State,* 43 *Ga. App.* 799 (160 S. E. 509) ; *Morris* v. *State,* 177 *Ga.* 106 (169 S. E.

495) ; *Barnes* v. *State,* 24 *Ga. App.* 372 (4) (100 S. E. 788). The fact that the witness said: "I don't know that I ever heard any of the white people say anything. I have heard the colored folks say things about him. . . . The only things I have ever heard against him the colored folks said it," did not render the testimony incompetent. That he had heard only the colored people speak of the bad character of the defendant did not render the testimony incompetent· or inadmissible. The general reputation of one, held by his own race, which is more or less the community in which he lives, is of the best evidence, going to show general character. See *Keener* v. *State,* 18 *Ga.* 194, 221 (63 Am. D. 269).

The verdict was supported by sufficient competent evidence, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*