18436. RICHMOND *v.* THE STATE.

ARGUED JANUARY 11, 1954—DECIDED FEBRUARY 8, 1954—REHEARING DENIED FEBRUARY 24, 1954.

*Carlton Brown, Fort & Fort,* for plaintiff in error.

*Charles Burgamy, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

HEAD, Justice. 1. The first amended ground of the motion for new trial alleges that, "during the trial of said case and at the noon hour when the jury was being taken to lunch, under order of the court, under the charge of two bailiffs and while said jury was standing in front of the north side of the courthouse in Stewart County waiting for transportation to a motel about three miles north of Lumpkin, one of the jurors, to wit E. B. Johnson asked permission of one of the bailiffs in charge to go to his car, which was over three hundred feet from where they were standing and on the west side of the courthouse, there being no bailiff or other officer with him. Said juror opened his car doors, rolled up the windows and was separated from the jury for some ten minutes and then returned and joined the other jurors who were still waiting to be carried to lunch."

It is contended that this irregularity was harmful and prejudicial to the defendant, "in that the juror thus separating himself from the other jurors was in violation of the law and in violation of the oath taken by the bailiff in charge of the jury." It is asserted that the action of this juror in separating himself from the other jurors was not known to the defendant or his counsel until after the verdict of guilty was rendered.

The affidavit of J. H. Wilson, in support of this ground, related his observance of the conduct of the juror as follows: "While he [the affiant] and his wife were observing the jury all standing together that one of the jurors, to wit a Mr. Johnson, left by himself and walked some 300 feet or more across the courthouse square to an automobile. The juror then opened the door to the automobile and spent several minutes rolling up his windows and looking in the car and then leisurely walked back and joined the other jurors." The affiant stated that he had no opportunity to communicate this information to the defendant's counsel until after the verdict in the case had been rendered. The affidavit of Mrs. Wilson was substantially the same as that of her husband. Carlton Brown, sole counsel for the defendant on the trial of the case, in his affidavit stated that neither he nor the defendant knew of the occurrence until after the verdict had been rendered, and that he, therefore, had no opportunity to make a motion for mistrial. No counter-showing was made by the State.

It is the rule in this State that, "where there has been an improper separation of the jury during the trial, the prisoner, if found guilty, is entitled to the benefit of the presumption that the irregularity has been hurtful to him; and the onus is upon the State to show, beyond a reasonable doubt, that the defendant has sustained no injury on account of the separation." *Monroe* v. *State*, 5 *Ga.* 85, 86 (10).

In *Daniel* v. *State*, 56 *Ga.* 653, it was stated: "That a juror, after being charged with a criminal case, was allowed to separate from the jury, is ground of new trial, unless it be affirmatively shown that he had no communication with any one upon the subject of the trial, either directly by conversation, or indirectly by overhearing the observation of others."

In the present case, since no counter-showing was made by the State, the trial judge had the duty of determining whether or not, as a matter of law, the irregularity alleged in this ground was sufficient to require the grant of a new trial. The affirmance or reversal of his judgment presents a difficult question for this court. Can the unauthorized separation of a juror from the jury ever be considered harmless to the defendant, where there is no counter-showing by the State that no prejudice occurred to

the defendant? We think this is such a case, since neither in the defendant's ground of the motion for new trial, nor in the affidavits attached in support of the ground, is it shown that there was any *opportunity* for injury to the defendant in this irregularity. It is not shown that the juror communicated with any person, or had any opportunity to communicate with any person or persons, or that he passed in proximity to any group of people who might have been discussing the case of the defendant.

It has been held by this court that a mere trifling and immaterial irregularity in the conduct of a juror will not require the grant of a new trial. *Kirk* v. *State,* 73 *Ga.* 620 (3); *Suple* v. *State,* 133 *Ga.* 601 (3) (66 S. E. 919); *Daniel* v. *State,* 187 *Ga.* 411 (5) (1 S. E. 2d 6). In this case nothing more than an irregularity is shown. An irregularity without opportunity for injury will not require the grant of a new trial.

2. In ground 2 it is contended that the court erred in failing to charge the law of conspiracy, as follows: "Where two or more persons are jointly indicted for a crime and one perpetrates the act and the other is present, aiding and abetting in the commission of the act charged in the indictment, the act of one is the act of the other." It is contended that evidence quoted in this ground showed acts of the brother of the defendant in connection with the homicide, and that it was error to admit this evidence in the absence of a charge on conspiracy.

If any evidence concerning the participation of the brother of the defendant in the homicide was improperly admitted, objection to the evidence should have been made at the time of its admission. It could not have been harmful to the defendant to fail to charge the rule of law contained in this ground.

3. Ground 3 asserts that the court erred in failing to charge, without request, principles of law concerning mutual combat. The evidence did not authorize a charge on mutual combat, and no error is shown in this ground.

4. In ground 4 it is contended that the defendant is entitled to a new trial because the court failed to charge the jury on the weight to be given evidence of good character of the defendant.

"In the absence of a proper written request to charge on the character of the accused, it is generally not cause for a new trial

that no such charge was given. . . It is only in exceptional cases where the court fails to charge relatively to the good character of the accused that a new trial should be granted." *Widner v. State,* 197 *Ga.* 542, 545 (30 S. E. 2d 97); *Ellison v. State,* 137 *Ga.* 193 (7) (73 S. E. 255); *Scott v. State,* 137 *Ga.* 337 (3) (73 S. E. 575); *Brantley v. State,* 154 *Ga.* 80 (113 S. E. 200); *Roach v. State,* 157 *Ga.* 112 (120 S. E. 771); *Greer v. State,* 159 *Ga.* 85 (7) (125 S. E. 52).

The evidence introduced in this case to show good character, that the witness had never heard of the defendant being in trouble before, and he would say that the defendant's character was good, was not evidence of the defendant's reputation in the community and was insufficient to establish the character of the defendant. *Wilson v. State,* 190 *Ga.* 824, 829 (3) (10 S. E. 2d 861). The failure of the court to charge on good character, without request, will not require a reversal in this case.

5. Ground 5 complains of the charge of the court as follows: "In all criminal cases the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case." It is contended that this charge was erroneous because the court should have charged further that the jury had a right to believe the defendant's statement in part or in full. There is no merit in this ground. *Suple v. State,* supra; *Broughton v. State,* 186 *Ga.* 588 (2) (199 S. E. 111, 120 A. L. R. 460).

6. In ground 6 it is asserted that the court erred in giving the following charge to the jury: "Upon the trial of a criminal case the jury is the judge of both the law and the facts. You get from the testimony presented in the case, including a fair consideration of the defendant's statement, just what the facts are and you take the law of the case as given you by the judge in the charge." It is contended that, by using the term "a fair consideration," the court limited the jury in the consideration that might be given to the defendant's statement. This contention is without merit.

7. It is contended in ground 7 that the court erred in charging the following: "The punishment for murder is death unless the

jury in the case sees fit to recommend mercy, etc." It is argued that the phrase, "sees fit to recommend mercy," implies that the jury would have to have a reason to recommend mercy, whereas the true rule is that the jury may recommend mercy with or without reason therefor. There is no merit in this criticism of the charge. *Duncan* v. *State*, 141 *Ga.* 4, 5 (5) (80 S. E. 317).

8. In ground 8 objection is made to the italicized portion of the following charge of the court: "The law presumes every homicide to be malicious until the contrary appears from circumstances of alleviation, excuse, justification and *it is encumbent upon the prisoner to make out such circumstances to the satisfaction of the jury,* unless they appear from the evidence produced against him by the State. Now notwithstanding this last provision I have read you, the overall burden is upon the State to satisfy you of the guilt of the defendant as charged in the bill of indictment beyond a reasonable doubt." This charge was not erroneous. *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (NS) 934).

9. In ground 9 it is asserted that the court erroneously used the word "said" in the statement in his charge as follows: "In the event you are convinced that the defendant . . . is guilty of the offense of murder as I have already said it would be your duty to return a verdict of guilty as charged." It is contended that the court should have used the word "charged," in lieu of the word "said," and that the use of this word amounted to an expression of opinion on the part of the court that the defendant was guilty. This statement of the court was a repetition of parts of the preceding sentence. It could not reasonably be interpreted to be an expression of opinion as to the guilt of the defendant.

10. In grounds 10 and 11 error is assigned on certain portions of the charge of the court. These excerpts are substantially in the language of Code §§ 26-1007, 26-1011, and 26-1012. It is asserted that these portions of the charge were erroneous because other principles of law were not charged in connection therewith. These grounds are without merit.

*Judgment affirmed. All the Justices concur.*