## 45611.   ROWELL v. THE STATE.

WHITMAN, Judge. This is an appeal from a judgment of conviction and sentence for bastardy.

1. The first enumeration of error is addressed to the following portion of the trial court's charge to the jury: "Now, gentlemen, I don't envy you your task. It is not an easy one, and this is the question of determining the guilt of the accused beyond a reasonable doubt. These are hard cases. It is a difficult question to make this determination which you are called upon to make, and all I can tell you is just do the best you can to try to come

up with the truth, but you must do that within the bounds of the rules which I will give you in charge."

Counsel for the appellant argues that this portion of the charge violated *Code* § 81-1104 which prohibits expressions of opinions by judges to the jury as to what has or has not been proved in a case. The thrust of the argument is that the instruction may have indicated to the jury that in the court's opinion the matter before them had become very close on the evidence, whereas before hearing such expression the jury may well have been of the opinion that the State's evidence was not of sufficient quality and quantity to have sustained its contention and to overcome the presumption of innocence and, much less, to have placed its case in the "beyond reasonable doubt" range required for a verdict of guilty.

We do not believe the charge was so intended nor do we think reasonable, intelligent jurors would have taken the remarks in such manner. On its face this portion of the charge favors neither side, and when it is reviewed together with the whole we are fully satisfied that it was correct as regards the applicable law, and further that the jury was impressed as to their particular duty and responsibility in the matter. See *Frazier v. State,* 93 Ga. App. 204 (91 SE2d 85), and cases cited. See also *Butler v. State,* 14 Ga. App. 446, 450 (81 SE 370); *Weldon v. State,* 21 Ga. App. 330 (1f, g) (94 SE 326); *Brannon v. State,* 140 Ga. 787 (8) (80 SE 7).

2. The second and final enumeration is that the trial court erred in allowing the solicitor on initial direct examination of the prosecutrix to ask her whether she went to church, to which she answered "yes," but that she was not a member of a church. Defense counsel objected on the ground that it was an improper question and was not relevant to the issue in the case, to wit, paternity. After a witness has testified as to facts, it is improper to introduce evidence intended to support his character for veracity until the adverse party first attacks the credibility of the witness for bad character. See *Vernon v. State,* 49 Ga. App. 187, 191 (174 SE 548), and citations. The general character and conduct of parties in other transactions are irrelevant matter unless the nature of the action involves such

character and renders necessary or proper the investigation of such conduct. *Code* § 38-202. We think the nature of the present proceeding falls within the investigable category. And we note in the transcript that the defendant investigated thoroughly on cross examination. We further note that the defendant stated to the jury that he also went to church .and had gone to church with the prosecutrix on occasions. Furthermore, the prosecutrix had previously testified on direct examination, without objection, that she and the defendant had gone to church and also after the court had overruled the objection to the question later propounded to the witness as to whether she went to church, the question was again propounded to the witness with an affirmative answer by her, without objection. In this connection see *Code Ann.* § 70-203, catchword "Same evidence" and particularly sub-catchwords "Same witness" and "waiver," and cases cited thereunder. And see *Anderson v. State,* 120 Ga. App. 147 (169 SE2d 629), and cases cited.

We find no reversible error.

> *Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
> ARGUED SEPTEMBER 9, 1970—DECIDED OCTOBER 2, 1970.

*Gibson, McGee & Blount, J. Baker McGee, Jr.,* for appellant.