## 41708. THE STATE v. BRADDY.
(330 SE2d 338)

SMITH, Justice.

A Ware County jury convicted Malcolm Braddy, Jr., appellee, on two counts of theft by receiving stolen property. He appealed and the Court of Appeals reversed the convictions. *Braddy v. State,* 172 Ga. App. 386 (323 SE2d 219) (1984). We granted certiorari to determine when a defendant's testimony will entitle him to a jury charge on good character. We find the Court of Appeals' reasoning sound and affirm their opinion.

During his trial on twelve counts of theft by receiving stolen property, Braddy testified that he was an active church member, that he taught Sunday School, that he was an associate minister of youth at his church, and that he had never been charged with or convicted of a crime. On the basis of this testimony, he requested the court to charge the jury to consider evidence of his good character in reaching its decision. The trial court ruled that although this testimony would open the door for the state to introduce evidence of Braddy's bad character, it did not relate to his general reputation in the community and thus would not support the requested charge.

The character of a defendant in most criminal cases is a substan-

tive issue.[1] *Sims v. State*, 84 Ga. App. 753 (67 SE2d 254) (1951). A party *can* establish character by showing the community's perception of the defendant — his reputation,[2] things the defendant has done — specific acts, and what a witness thinks personally about the defendant. The rules of evidence determine, by attempting to balance the truth seeking function with the interest of fairness, which method a party *may* use to establish character in a given situation. See 1A Wigmore, Evidence, § 52, at 1148 (Tillers Revision, 1983).

Conduct reveals character as accurately as reputation does.[3] A defendant, as opposed to a third party in many cases, will be an authority on his past conduct. When he testifies on direct examination, thus, he provides the state with an opportunity to thoroughly cross-examine him as to the subject of his direct testimony, an opportunity that is less available when a third party testifies as to a defendant's past conduct.[4] As a defendant's testimony as to his past conduct is relevant to his character, does not deny the state a thorough cross-examination on the subject of the direct testimony, and allows the state to bombard the jury with evidence of the defendant's bad character when such evidence exists, we find that such testimony may raise the defendant's good character for the purpose of proving the defendant's innocence.

We do not limit the use of such testimony to the issue of the defendant's credibility. Normally, a party may not bolster the veracity of its own witness until the witness has been impeached by the adverse party. *Hamilton v. Conyers*, 28 Ga. 276 (1859). However, where "the nature of the action involves such character and renders necessary or proper the investigation of such conduct," a party may produce evidence of the good character of its witness prior to any attack on the witness' character. *Rowell v. State*, 122 Ga. App. 568, 569-70 (177 SE2d 812) (1970). In this case, the evidence of the witness' good character is admissible despite the bar on bolstering an

---

[1] Here, where the act of purchasing the items in question is established and the criminal intent is the only issue, character is particularly relevant and material. In cases involving criminal strict liability, on the other hand, the character issue will generally be irrelevant to a determination of guilt. See Smith, J., specially concurring in *Price v. State*, 253 Ga. 250 (319 SE2d 849) (1984).

[2] The Court of Appeals has correctly noted, "Character is internal; reputation external. One is substance; the other shadow." *Clark v. State*, 52 Ga. App 254, 255 (183 SE 92) (1935). We disagree with the court's subsequent statement that character and reputation are identical in "legal parlance." Character is the fact to be proved. Production of reputation evidence is but one method of proving that fact.

[3] For two theories on the relationship between conduct and character, see *Phillips v. State*, 254 Ga. 370 (329 SE2d 475) (1985), and the dissent in *Phillips*.

[4] Third parties' limited knowledge of a defendant's past conduct may be one factor supporting the rule, found in *Waters v. State*, 248 Ga. 355 (283 SE2d 238) (1981), that third party character witnesses may only establish good character by reputation evidence.

unimpeached witness only because the witness is the defendant, whose character is a substantive issue in the case. In light of this, we will not hold that the testimony in question only relates to the credibility of the defendant.

Here, the defendant testified as to his specific acts, his church activities and his absence of trouble with the law, to establish his good character. While testimony as to specific acts may not always be used to raise the character issue, where a defendant himself provides such testimony and is available to the state for cross-examination as to his own actions and disposition, his testimony is *admissible* to show his good character. The testimony here was admissible for that purpose.

A trial judge in a criminal case should deliver a charge tailored to the indictment and adjusted to the evidence. *Crosby v. State*, 150 Ga. App. 555 (258 SE2d 264) (1979). Under the standard we have developed pursuant to OCGA § 24-9-20, appellee's testimony was *sufficient* to raise the character issue. See, e.g., *Brown v. State*, 237 Ga. 467 (228 SE2d 853) (1976). As the testimony was admissible and sufficient to raise the character issue, a substantive issue in the case, we find that the Court of Appeals correctly held that the trial court should have given the desired charge following Braddy's request.[5]

*Judgment affirmed. All the Justices concur, except Weltner and Bell, JJ., who concur in the judgment only, and Hill, C. J., and Gregory, J., who dissent.*

HILL, Chief Justice, dissenting.

Braddy testified that (1) he was an active church member, (2) he taught Sunday School, (3) he was an associate minister of youth at his church, and (4) he had never been charged with or convicted of a crime. The majority hold that this testimony is "sufficient to raise the character issue" and thereby require the court to instruct the jury upon request on good character.

The difficulty I find with this holding is its lack of clarity. If the defendant had testified as to any one, two, or three of the four elements the court relies upon, would that be "sufficient to raise the character issue" and thereby require the judge to give a request to charge as to good character? The majority do not say. If the defendant's mother testifies that the defendant has always been a "good boy," is that "sufficient" and must the requested charge be given? The majority do not say.

They could be saying that any evidence, no matter how slight, as to good character is "sufficient to raise the character issue" and man-

---

[5] In doing so, we affirm the Court of Appeals' overruling of cases in conflict with this holding.

dates the giving of the requested charge. This is not the law, see *Richmond v. State*, 210 Ga. 403, 406 (80 SE2d 178) (1954), as the majority probably will recognize.

Thus, as I see it, the majority has granted certiorari and decided this case, but it has provided little guidance and much uncertainty. To provide clarity and certainty, I would hold that it is not error to refuse to give a request to charge on good character unless the defendant introduces evidence as to his or her good reputation in the community by the testimony of a character witness. See OCGA § 24-9-84. Such witnesses and testimony are readily identifiable, and such a rule could be applied uniformly.

Because the defendant in this case did not call a character witness who testified as to his good reputation in the community, and because the majority opinion provides little guidance to trial judges, I respectfully dissent.

GREGORY, Justice, dissenting.

Both the "good" and the "bad" among us commit crimes. However, the law recognizes that a person whose character is such that he enjoys a good reputation where he lives and works is less likely to commit a crime than others. Upon proper proof of one's reputation the trial judge is authorized to charge the jury as follows:

"Members of the jury, I charge you that in criminal cases, the defendant is allowed, if he sees fit, to offer evidence as to his general good character, and when such evidence is offered, it is the duty of the jury to take that testimony, along with all other testimony in the case, in determining the guilt or innocence of the defendant. Good character is a positive, substantive fact, and may of itself be sufficient to generate in the minds of a jury a reasonable doubt as to the guilt of the defendant. It is the duty of the jury to take any evidence of general good character along with all the other evidence in the case and, if in doing so, the jury should entertain a reasonable doubt as to the guilt of the defendant, they should acquit; nevertheless, if the jury should believe the defendant guilty beyond a reasonable doubt, it would be their duty to convict, notwithstanding the evidence as to general good character." Suggested Pattern Jury Instructions, Vol. 2, Criminal Cases, by Council of Superior Court Judges of Georgia, p. 47.

As I see it, the defendant's good reputation is sufficient to win an acquittal against a mountain of evidence of his guilt. But, I believe it is only where a defendant's character has generated a good reputation that the jury should be so charged. Georgia Criminal Trial Practice, Sec. 21-9, William W. Daniel, 1984 edition.

In this case the defendant testified as to his certain acts and activities generally regarded as good things to do. I would hold that

such evidence, if properly admitted, would authorize the trial judge to charge the jury concerning credibility of witnesses as follows:

"You are made by law the sole and exclusive judges of the credibility or reliability of the witnesses, and it is for you to determine what witness or witnesses you will believe, and those which you will not believe, if there are some you do not believe.

"In passing upon their credibility, you may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their interest or lack of interest, their means and opportunity for knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, and of the occurrences to which they testify; and, *you may also consider their personal credibility insofar as it may legitimately appear from the trial of this case.*" (Emphasis supplied.) Suggested Pattern Jury Instructions, Vol. 2, Criminal Cases, by Council of Superior Court Judges, p. 11.

DECIDED MAY 22, 1985.

*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney,* for appellant.

*Jones & Solomon, M. Theodore Solomon, William J. Edgar,* for appellee.