S93G1420. BLIGE v. THE STATE.
(441 SE2d 752)

BENHAM, Presiding Justice.

On appeal from his convictions for burglary, aggravated assault and robbery, appellant contended that the trial court erred in permitting the State, in argument and in testimony, to identify a fingerprint expert who testified for the State as having been hired originally by appellant. The Court of Appeals affirmed *Blige v. State,* 208 Ga. App. 851 (3) (432 SE2d 574) (1993) (hereinafter, *Blige III*), holding that the issue had been decided adversely to appellant in a prior similar case involving him, *Blige v. State,* 205 Ga. App. 133 (6) (421 SE2d 547) (1992) (hereinafter *Blige I*), affirmed at 263 Ga. 244 (430 SE2d 761) (1993) (hereinafter *Blige II*). We granted certiorari, posing the following question:

> When an expert is hired by a party, not called by that party, but called by the opposing party in a criminal proceeding, is testimony as to the expert's original employment pertinent to the issues in a criminal prosecution or should such testimony be ruled inadmissible because it is irrelevant, prejudicial and harmful as has been ruled in civil condemnation cases? See *Logan v. Chatham County,* 113 Ga. App. 491 [(148 SE2d 471)] (1966).

1. As to the particular issue involved in this appeal, the Court of Appeals was incorrect in stating that the issue was decided adversely to appellant in *Blige I.* Although the other two issues dealt with in Division 3 of *Blige III* were decided in *Blige I,* the issue involved here was not addressed in *Blige I.*

2. In *Logan,* supra, and in subsequent cases applying it, the Court

of Appeals held that although an expert hired by one party could be subpoenaed for trial by the opposing party on the same basis as any other witness, the fact of the expert's original employment by the first party was irrelevant and could be prejudicial. Although that holding was reached in a civil condemnation action and generally has been applied only to such cases (but see *Jones v. Scarborough*, 194 Ga. App. 468 (3) (390 SE2d 674) (1990)), we believe it is a correct general statement regarding the use at trial of expert witnesses originally employed by the opposing party.

As the Court of Appeals noted in *Logan*, "the original employment was not pertinent to the issues in the case . . . . " Id. at 493. That is as true in a criminal proceeding as it was in the context of a civil condemnation proceeding. There, the issue was the value of the property. Here, it was whether appellant was the person who committed the crimes with which he was charged. While fingerprint evidence would certainly be relevant to the question of appellant's guilt by pointing to his presence, the identity of a fingerprint expert's employer points to nothing germane to the issues being tried.

The State argues that the identity of the expert's original employer was relevant to the interest of the witness and cites OCGA § 24-9-68: "The state of a witness's feelings towards the parties and his relationship to them may always be proved for the consideration of the jury." However, that statutory provision must not be read in a vacuum, but in the context of other rules relating to witnesses and evidence. Most pertinent of those rules to this issue is the longstanding general prohibition against bolstering one's own witness. "Normally, a party may not bolster the veracity of its own witness until the witness has been impeached by the adverse party. *Hamilton v. Conyers*, 28 Ga. 276 (1859)." *State v. Braddy*, 254 Ga. 366, 367 (330 SE2d 338) (1985). It thus appears that evidence which goes to a witness' credibility is not relevant unless produced to attack the credibility of a witness, or to rehabilitate credibility when it has been attacked. With regard to the fingerprint expert called by the State in the present case, the State certainly had no interest in impeaching his testimony, which was favorable to the State, and had no right to bolster the witness' testimony since appellant did not attack the witness' credibility.

The State also asserts that it was necessary to disclose the expert's original employment in order to prove the chain of custody of the material supplied to appellant for use by the expert. However, since there is no requirement that a chain of custody be proved for fingerprint evidence (*Roland v. State*, 137 Ga. App. 796 (3) (224 SE2d 846) (1976)), and since other critical evidence to be examined by a defendant's expert should remain in the custody of the State (*Sabel v. State*, 248 Ga. 10 (6) (282 SE2d 61) (1981)), the State's concern in

that regard is misplaced.

The State also asserts that, as a matter of logic and common sense, application of the *Logan* rule to cases such as this one is inconsistent with the holding in *Sabel*, supra, that

> [i]f the defendant does not call the expert as a witness, the state may call the defendant's . . . [witness] without adding his or her name to the list of witnesses, or may argue to the jury that the defendant would have called the expert had the result of the testing been favorable to the defendant.

Id. at 18. We do not find the two holdings inconsistent. The rule stated in *Sabel* is framed in the disjunctive: the State may call the witness as its own or may argue the inference arising from the failure of the defense to call the witness. The State is properly put to an election between the inference and the evidence. There is no valid reason to give the State the benefit of both alternatives, and to do so would, as is explained above, conflict with the prohibition against bolstering the credibility of one's own witness.

3. Finally, the State argues that even if the rule in *Logan* is to apply to criminal cases, the violation of that rule in this case was harmless because of the overwhelming evidence against appellant. We agree. Although the victim in this case originally failed to identify appellant from an old photograph as the intruder who forced entry into her home and beat and robbed her, she subsequently identified him from a more recent photograph and again at trial. In addition, appellant's fingerprint was found on the clock with which the intruder hit the victim in the head. The State also put on evidence of similar transactions, two recent burglaries, in one of which appellant entered an elderly woman's home and committed aggravated assault and robbery. Given the overwhelming nature of the evidence, we find it highly probable that the error did not contribute to the jury's verdict. *Johnson v. State*, 238 Ga. 59, 61-62 (230 SE2d 869) (1976). Since the Court of Appeals' judgment reaches the right result, albeit for the wrong reason, it is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 18, 1994 —
RECONSIDERATION DENIED MAY 5, 1994.

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *David T. Lock*, Assistant

*District Attorney,* for appellee.